PAMELA E. COGAN (SBN 105089)
KATHRYN C. CURRY (SBN 157099)
CRYSTAL N. THOMAS (SBN 181885)
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street
Redwood City, CA 94063
Telephone:   (650) 364-8200
Facsimile:   (650) 780-1701
Email: pcogan@ropers.com

Attorneys for Real Party in Interest
LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL CREMIN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>McKESSON CORPORATION EMPLOYEES' LONG TERM DISABILITY BENEFIT PLAN,<br><br>　　　　　　Defendants.<br>_____<br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,<br><br>　　　　　　Real Party in Interest | CASE NO. C 07-1302-JL<br><br>**REAL PARTY IN INTEREST LIBERTY LIFE ASSURANCE COMPANY OF BOSTON'S ANSWER TO COMPLAINT** |

　　　　Real Party In Interest, Liberty Life Assurance Company of Boston ("Liberty Life") in answer to the Complaint of plaintiff Michael Cremin ("Cremin") on file herein, and to each and every cause of action contained therein, admits, denies and alleges as follows:

　　　　1.　　Answering the allegations contained in paragraph 1, Liberty Life admits that the Long-Term Disability Plan (the "McKesson LTD Plan") is subject to and governed by ERISA, 29

1  U.S.C. section 1132, and this Court has jurisdiction over this matter pursuant to 29 U.S.C. section
2  1132(f). As to the remaining allegations, Liberty Life denies each and every allegation contained
3  therein.

4      2.    Answering the allegations contained in paragraph 2, Liberty Life admits on
5  information and belief that plaintiff was a participant in the McKesson LTD Plan while employed
6  at McKesson. Liberty Life admits that venue is proper in this judicial district. Liberty Life
7  further admits that the McKesson LTD Plan is subject to and governed by the Employee
8  Retirement Income Security Act of 1974. As to the remaining allegations, Liberty Life denies
9  each and every allegation contained therein.

10      3.    Answering the allegations contained in paragraph 3, Liberty Life admits that is it a
11  corporation. Liberty Life further admits that it became the claims administrator for plaintiff's
12  long-term disability claim under the McKesson LTD Plan, effective January 1, 2000. Liberty
13  Life further admits that its had sole discretion and authority to interpret the McKesson LTD Plan
14  and determine plaintiff's eligibility for benefits under the McKesson LTD Plan. As to the
15  remaining allegations, Liberty Life denies each and every allegation contained therein.

16      4.    Answering the allegations contained in paragraph 4, Liberty Life denies each and
17  every allegation contained therein.

18      5.    Answering the allegations contained in paragraph 5, Liberty Life denies each and
19  every allegation contained therein.

20      6.    Answering the allegations contained in paragraph 6, Liberty Life admits plaintiff
21  applied for and began receiving long-term disability benefits under the McKesson LTD Plan on
22  or about April 20, 1999.

23      7.    Answering the allegations contained in paragraph 7, Liberty Life admits on
24  information and belief that plaintiff applied for and received Social Security disability benefits
25  beginning on or about August 16, 1999 in the amount of $1,455.80 per month.

26      8.    Answering the allegations contained in paragraph 8, Liberty Life admits on
27  information and belief that the Plan Administrator sent a letter to plaintiff dated September 21,
28  1999 requesting repayment of an overpayment in the amount of $11,640.00. Liberty Life further

1  admits on information and belief that plaintiff sent a check to Preferred Works in the amount of
2  $11,640. As to the remaining allegations, Liberty Life denies the allegations contained therein on
3  the basis it is an incomplete and inaccurate summary of the September 21, 1999 letter, which
4  speaks for itself.

5        9. Answering the allegations contained in paragraph 9, Liberty Life admits it sent a
6  letter to plaintiff dated August 30, 2002 discontinuing plaintiff's claim for long-term disability
7  benefits under the McKesson LTD Plan. Liberty Life further admits plaintiff sent a letter dated
8  October 10, 2002 appealing the decision to discontinue his claim for long-term disability income
9  benefits, and Liberty Life sent a letter to plaintiff dated December 6, 2002 upholding its decision
10 to discontinue benefits after the appeal. Liberty Life further admits that plaintiff filed suit on
11 October 18, 2004 in the United States District Court, Northern District of California, Case No.
12 04-04394. As to the remaining allegations, Liberty Life denies the allegations contained therein.

13       10. Answering the allegations contained in paragraph 10, Liberty Life admits the
14 allegations contained therein.

15       11. Answering the allegations contained in paragraph 11, Liberty Life admits it sent a
16 letter to plaintiff dated October 10, 2006, stating that it had completed its investigation after
17 remand and had determined that it was unable to alter the original decision to deny benefits
18 beyond August 31, 2002. As to the remaining allegations, Liberty Life denies the allegations
19 contained therein on the basis it is an incomplete and inaccurate summary of the letter, which
20 speaks for itself.

21       12. Answering the allegations contained in paragraph 12, Liberty Life admits plaintiff
22 sent a letter to Liberty Life dated December 10, 2006. As to the remaining allegations in
23 paragraph 12, Liberty Life denies the allegations contained therein on the basis it is an incomplete
24 and inaccurate summary of the letter, which speaks for itself.

25       13. Answering the allegations contained in paragraph 13, Liberty Life admits that it
26 sent a letter on January 19, 2007 responding to plaintiff's letter dated December 10, 2006. As to
27 the remaining allegations in paragraph 13, Liberty Life denies the allegations contained therein on
28 the basis it is an incomplete and inaccurate summary of the letter, which speaks for itself.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

14. Answering the allegations contained in paragraph 14, Liberty Life denies each and every allegation contained therein.

15. Answering the allegations contained in paragraph 15, Liberty Life denies each and every allegation contained therein.

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that said complaint fails to state facts sufficient to constitute a cause of action against this answering defendant.

## SECOND AFFIRMATIVE DEFENSE

**(Conditions Precedent)**

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that at all times and places mentioned in the complaint herein, plaintiff failed to perform certain conditions precedent to the duty of defendant. These conditions precedent were imposed upon plaintiff by contract. The non-performance of said conditions excused defendant's obligations under the contract and has given the defendant the right of disaffirmance, rescission and release; plaintiff is therefore barred from recovery herein.

## THIRD AFFIRMATIVE DEFENSE

**(No Coverage/Barred by Terms and Conditions)**

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that the claims alleged against defendant, in whole or in part, do not fall within the scope of the coverage or are barred by the terms, conditions, definitions, exclusions, and the limitations contained in the Plan.

**FOURTH AFFIRMATIVE DEFENSE**

**(Set-Off)**

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, plaintiff's recovery, if any, against this answering defendant must be off-set by all amounts of overpayment of benefits to plaintiff and any interest owed thereon and by any other amounts appropriate for set-off.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Abuse Of Discretion)**

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this responding party alleges that Liberty Life did not abuse its discretion in denying plaintiff's claim for benefits under the Plan.

**SIXTH AFFIRMATIVE DEFENSE**

**(Waiver and Estoppel)**

AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiff has waived and is estopped and barred from alleging the matters set forth in the complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Laches)**

AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiff's complaint is barred by the Doctrine of Laches.

WHEREFORE, this answering defendant prays for judgment as follows:

1. That plaintiff take nothing by his complaint;

2. For costs of suit incurred herein; and

3. For such other and further relief as the Court deems proper.

Dated: July 6, 2007                                ROPERS, MAJESKI, KOHN & BENTLEY


By:    /s/ Kathryn C. Curry
   PAMELA E. COGAN
   KATHRYN C. CURRY
   CRYSTAL N. THOMAS
   Attorneys for Defendant
   LIBERTY LIFE ASSURANCE
   COMPANY OF BOSTON