PAMELA E. COGAN (SBN 105089)
KATHRYN C. CURRY (SBN 157099)
CRYSTAL N. THOMAS (SBN 181885)
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street
Redwood City, CA 94063
Telephone: (650) 364-8200
Facsimile: (650) 780-1701
Email: pcogan@ropers.com

Attorneys for Real Party In Interest
LIBERTY LIFE ASSURANCE COMPANY OF
BOSTON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL CREMIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>McKESSON CORPORATION EMPLOYEES' LONG TERM DISABILITY BENEFIT PLAN<br><br>　　　　Defendants.<br>―――――――――――――――――<br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON<br><br>　　　　Real Party In Interest | CASE NO. C 07-1302-JL<br><br>**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED [CIVIL L.R. 3-12, 7-11]** |

　　　　Pursuant to Local Rules 3-12 and 7-11, Real Party In Interest Liberty Life Assurance Company of Boston hereby moves this Court for an order declaring that <u>Cremin v. McKesson Corporation Employees' Long Term Disability Plan</u>, No. C 04-4394-CW and <u>Cremin v. McKesson Corporation Employees' Long Term Disability Plan</u>, No. C 07-1302-JL are related and transferring the cases to the Honorable Judge Claudia Wilken. This motion is made on the grounds that the aforementioned cases involve the same parties, event and law, and there will be

an unduly burdensome duplication of labor and expense if the instant action is conducted before a different judge. Indeed, Cremin has acknowledged in his Civil Cover Sheet that the cases are related.

## I. INTRODUCTION

The instant action is related to the prior action titled <u>Cremin v. McKesson Corporation Employees' Long Term Disability Benefit Plan</u>, No.C 04-4394-CW. Both ERISA actions arise out of the discontinuation of long-term disability benefits to plaintiff Michael Cremin ("Cremin") under the McKesson HBOC, Inc. Employees Long-Term Disability Plan ("McKesson Plan") after September 1, 2002.

Cremin filed a prior complaint, <u>Cremin v. McKesson Corporation Employees' Long Term Disability Benefit Plan</u>, No. C 04-4394-CW, alleging that he was disabled within the meaning of the McKesson Plan and that he was entitled to benefits after September 1, 2002. Pursuant to Federal Rule of Civil Procedure 52, Cremin sought review of Liberty Life's decision to discontinue long-term disability benefits, and Liberty Life filed an Opposition and Cross-Motion for Judgment. The Honorable Judge Claudia Wilken heard the matter and remanded Cremin's claim to the Plan Administrator for further investigation.

Following remand and Liberty Life's further investigation, Liberty Life upheld its decision to discontinue the long-term disability benefits to Cremin. Cremin now seeks review of Liberty Life's decision after remand. Since case Nos. C 04-4394-CW and C 07-1302-JL involve the same parties, event and law, and there will be an unduly burdensome duplication of labor and expense if the instant action is conducted before a different judge, the actions are related to one another. Further, Cremin's Civil Cover Sheet in the instant case provides that Case No. C 04-4394-CW is related. Thus, since the actions are related, case No. C 07-1302-JL should be reassigned to Judge Wilken.

## II. STATEMENT OF FACTS

A.  **Original Complaint**

On October 18, 2004, Cremin filed a complaint alleging that the McKesson Plan was obligated to continue to pay him long-term disability benefits after September 1, 2002 because he

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

was disabled within the meaning of the McKesson Plan. (Exhibit A attached to the Declaration of Kathryn C. Curry ("Decl. of Curry").) The action was assigned case number C-04-4394-CW. Cremin named the McKesson Corporation Employees' Long Term Disability Plan as the sole defendant. (Ibid.)

On January 5, 2005 the Court approved a stipulation substituting Liberty Life Assurance Company for the McKesson Plan and dismissed the claims against the McKesson Plan. (Ex. B to Curry Decl.)

### B.  Remand For Further Investigation

On October 21, 2005, Cremin moved the Court, pursuant to Federal Rule of Civil Procedure 52, for review of Liberty Life's termination of his long-term disability benefits. (Ex. C to Decl. of Curry.) On November 17, 2005, Liberty Life filed an Opposition and Cross-Motion for Judgment pursuant to the same code section. (Ex. D to Decl. of Curry.) Liberty Life's cross-motion for judgment included an alternative remedy to remand for further findings or explanations. (Ibid.)

The Honorable Judge Claudia Wilkin heard the matter and granted Liberty Life's cross-motion, in the alternative, to remand Cremin's claim to the Plan Administrator for further investigation. (Ex. E to Decl. of Curry.) Following remand, Liberty Life completed its further investigation on October 10, 2006, and upheld the decision to deny benefits effective September 1, 2002. (Decl. of Curry ¶ 6.)

### C.  Complaint Following Remand

On March 6, 2007, Cremin filed a complaint seeking review of Liberty Life's decision to uphold its prior decision to discontinue Cremin's disability benefits. (Ex. F to Decl. of Curry.) The action was assigned case number C-07-1302-JL. (Ibid.) Cremin's Civil Cover Sheet in case No. C 07-1302-JL lists "Cremin v. McKesson, et al Case No. C04-4394CW" as a related case. (Ex. G to Decl. of Curry ¶ 8.)

### III. LEGAL ARGUMENT

### THE CASES CHALLENGING LIBERTY LIFE'S DETERMINATION THAT CREMIN WAS NOT "DISABLED", PURSUANT TO THE MCKESSON PLAN, ARE RELATED

Pursuant to Local Rule 3-12, an action is related to another when "(1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." As set forth below, Cremin v. McKesson Corporation Employees' Long Term Disability Plan, No. C 04-4394-CW and Cremin v. McKesson Corporation Employees' Long Term Disability Plan, No. C 07-1302-JL satisfy both elements of the local rule, and as such, they are related.

**A. Case Nos. C 04-4394-CW and C 07-1302-JL Involve The Same Parties, Event and Law**

Cremin v. McKesson Corporation Employees' Long Term Disability Plan, No. C 04-4394-CW and Cremin v. McKesson Corporation Employees' Long Term Disability Plan, No. C 07-1302-JL involve the same parties, event and questions of law. Both cases involve Michael Cremin and Liberty Life Assurance Company of Boston. Further, both cases involve the same event, Mr. Cremin's alleged disability and Liberty Life's discontinuation of benefits effective September 1, 2002. The same sections of ERISA are also involved in both cases.

**B. A Different Judge Will Have To Duplicate The Labor Completed By Judge Wilken**

It is likely that there will be an unduly burdensome duplication of labor and expense if the cases are conducted before different judges. Judge Claudia Wilkin is already familiar with the facts and arguments regarding Liberty Life's determination that Cremin was not "disabled" within the meaning of the McKesson Plan. Judge Wilken has already reviewed the record and determined that remand for further investigation was necessary. Not only will a different judge have to review the facts and evidence presented after remand, but the judge will also have to review facts and evidence presented *prior* to remand to understand the basis for Judge Wilken's remand and Liberty Life's decision to discontinue benefits in the first instance. Judge Wilkin, however, is familiar with the facts and evidence presented prior to remand, and she will only need to focus on the facts and evidence after remand to determine whether Cremin was disabled

pursuant to the McKesson Plan. Thus, in order to avoid the duplication of labor and expenses, Case Nos. C 04-4394-CW and 07-1302-JL should be deemed related and Case No. C 07-1302-JL reassigned to Judge Wilken.

## IV. CONCLUSION

Cremin v. McKesson Corporation Employees' Long Term Disability Plan, No. C 04-4394-CW and Cremin v. McKesson Corporation Employees' Long Term Disability Plan, No. C 07-1302-JL are related cases because they involve the same parties, event , questions of law and there will be an unduly burdensome duplication of labor and expense if case No. C 07-1302-JL is conducted before a different Judge. Accordingly, case No. C 07-1302-JL should be transferred to Judge Claudia Wilken.

Dated: July 6, 2007                                    ROPERS, MAJESKI, KOHN & BENTLEY


By: /s/ Kathryn C. Curry
    PAMELA E. COGAN
    KATHRYN C. CURRY
    CRYSTAL N. THOMAS
    Attorneys for Real Party In Interest
    LIBERTY LIFE ASSURANCE
    COMPANY OF BOSTON

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

RC1/439504.1/AL5

5

ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED
C 07-1302-JL