# EXHIBIT "A"

THORNTON DAVIDSON #166487
Thornton Davidson & Associates
2055 San Joaquin Street
Fresno, CA 93721
Telephone: (559)256-9800
Telefax: (559)256-9791

Attorney for Plaintiff

E-filing

ORIGINAL FILED
04 OCT 18 PM 3: 12
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

U.S. DISTRICT COURT OF CALIFORNIA, NORTHERN DISTRICT
(SAN FRANCISCO DIVISION)

MICHAEL CREMIN,

    Plaintiff,

vs.

McKESSON CORPORATION EMPLOYEES' LONG TERM DISABILITY BENEFIT PLAN,

    Defendant

Case No.: C 04 4394 EDL

COMPLAINT FOR DECLARATORY RELIEF

Plaintiff MICHAEL CREMIN ("PLAINTIFF") alleges as follows:

## JURISDICTION

1. PLAINTIFF's claim for relief arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. section 1132(a)(1) and (3). Pursuant to 29 U.S.C. section 1331, this court has jurisdiction over this action because this action arises under the laws of the United States of America. 29 U.S.C. section 1132(e)(1) provides for federal district court jurisdiction of this action.

## VENUE/INTRADISTRICT ASSIGNMENT

2. Venue is proper in the Northern District of California because the acts and occurrences giving rise to PLAINTIFF's claim for relief took place in San Francisco, California in that PLAINTIFF is and was a resident of San Francisco County, California, when DEFENDANT terminated his long-term disability benefits. Therefore, 29 U.S.C. section 1132(e)(2) provides for venue in this court in the San Francisco Division.

COMPLAINT FOR DECLARATORY RELIEF - 1

## PARTIES

3. PLAINTIFF is, and at all times relevant hereto was, a participant, as that term is defined by 29 U.S.C. section 1000(7), of the McKESSON CORPORATION EMPLOYEES' LONG TERM DISABILITY BENEFIT PLAN ("The Plan") and thereby entitled to receive benefits there from. PLAINTIFF was a beneficiary because until his termination due to disability, he was an employee of McKesson Corporation, which established The Plan.

4. DEFENDANT The Plan is an employee welfare benefit plan organized and operating under the provisions of ERISA, 29 U.S.C. section 1001 et seq.

## CLAIM FOR RELIEF

5. The Liberty Life Assurance Company of Boston insured the Plan and acted on behalf of the Plan in all matters alleged herein.

6. The Plan provides long-term disability benefits after an elimination period of 180 days, which, for a person under the age of 60 at the time the disability occurred, as was PLAINTIFF herein, such benefits potentially could continue until age 65.

7. In order to be eligible for benefits under the Plan, an employee must meet The Plan's definition of total disability. The Plan defines total disability, as follows:

"You are Totally Disabled if:

1. you are unable to perform the important duties of your own occupation on a Full-time or part-time basis because of Injury or Sickness that started while insured under the Group Policy; and

2. you do not work at all; and

3. you are receiving Doctor's Care. We will waive this requirement if We receive written proof acceptable to Us that further Doctor's Care would be of no benefit to you."

8. PLAINTIFF was employed by McKesson Corporation as a Director of Profitability Analysis.

9. PLAINTIFF became totally disabled and ceased to work on September 9, 1998.

10. PLAINTIFF remained disabled through the elimination period of the Plan, which ended March 5, 1999.

11. PLAINTIFF applied for and was granted Long Term Disability ("LTD") benefits from the Plan effective May 17, 1999.

12. PLAINTIFF also applied for Social Security Disability benefits. By letter dated August 16, 1999 PLAINTIFF was awarded Social Security Disability benefits of $1,455.80 per month.

13. By letter dated September 21, 1999 The Plan demanded repayment of $11,640 for over-payment of Social Security Disability benefit payment. PLAINTIFF repaid the full amount.

14. The Plan acknowledged receipt of payment from PLAINTIFF of $11,640 by letter Dated December 1, 1999.

15. DEFENDANT is judicially and collaterally estopped to deny that PLAINTIFF is totally disabled under The Plan because:

    a. DEFENDANT required PLAINTIFF to apply for Social Security Disability benefits.

    b. PLAINTIFF did so, and was awarded such benefits.

    c. Pursuant to the terms of The Plan, all such benefits, except COLA's were paid or used to decrease DEFENDANT's obligation to PLAINTIFF.

16. By letter dated August 30, 2002 The Plan terminated benefits to PLAINTIFF, giving 60 days to appeal the decision.

17. By letter dated October 30, 2002 PLAINTIFF timely appealed the Plan's termination of his LTD benefits.

18. By letter dated December 6, 2002 the Plan notified PLAINTIFF that his appeal

was denied, and that PLAINTIFF had exhausted his administrative rights.

19. At all times mentioned herein PLAINTIFF was, and continues to be totally disabled under the terms of The Plan.

20. This Court is required to review the termination of PLAINTIFF's LTD benefits de novo because:

    A. The Plan does not unambiguously confer discretion on Plan fiduciaries to determine benefits claims and construe Plan terms; and such discretion is illegal.

    B. Plan fiduciaries acted under an actual conflict of interest at the time they terminated PLAINTIFF's benefits:

        i. They changed their position without receipt of new evidence.

        ii. They determined material facts without supporting evidence.

        iii. PLAINTIFF is informed and believes and thereon alleges that claims staff is given financial incentives to deny or terminate claims.

        iv. The Plan has unfair claims handling procedures. When benefits were terminated there was no notification to PLAINTIFF that he could receive a copy of the Plan's documents regarding his claim free of charge.

        v. When benefits were terminated the Plan used an inconsistent definition of disability than is in the summary plan description.

        vi. When benefits were terminated there was no description given of the Plan's review procedures and applicable time limits, including a statement of PLAINTIFF's right to bring a civil action.

        vii. PLAINTIFF is informed and believes and thereon alleges that Plan fiduciaries relied upon an internal rule, standard or criterion to terminate his benefits; however, when benefits were terminated he

was not advised that a copy of such internal rules, standards or criterion would be provided free of charge to her upon request.

    viii. The Plan utilized unfair appeal procedures:

        a. PLAINTIFF was not notified that he had the right, free of charge, to get copies of all documents relied upon to terminate his benefits.

        d. The Plan failed to consider all new evidence submitted on appeal.

    C, The Plan failed to take timely action on his appeal.

21. PLAINTIFF has exhausted all administrative remedies required to be exhausted under the terms of The Plan.

22. The Plan's denial of PLAINTIFF's long-term disability benefits was arbitrary and capricious, an abuse of discretion, and a violation of the terms of The Plan.

23. An actual controversy has arisen and now exists between PLAINTIFF and The Plan with respect to whether PLAINTIFF is entitled to long-term disability benefits under the terms of The Plan.

24. PLAINTIFF contends, and The Plan disputes, that PLAINTIFF is entitled to benefits under the terms of The Plan for long-term disability because PLAINTIFF contends, and DEFENDANT The Plan disputes, that PLAINTIFF is totally disabled.

25. PLAINTIFF desires a judicial determination of his rights and a declaration as to which party's contention is correct, together with a declaration that The Plan is obligated to pay long-term disability benefits, under the terms of The Plan, retroactive to the first day of his

///

COMPLAINT FOR DECLARATORY RELIEF - 5

eligibility, until and unless such time that PLAINTIFF is no longer eligible for such benefits under the terms of The Plan.

26. A judicial determination of these issues is necessary and appropriate at this time under the circumstances described herein in order that the parties may ascertain their respective rights and duties, avoid a multiplicity of actions between the parties and their privities, and promote judicial efficiency.

27. As a proximate result of DEFENDANT's wrongful conduct as alleged herein, PLAINTIFF was required to obtain the services of counsel to obtain the benefits to which he is entitled under the terms of the Plan. Pursuant to 29 U.S.C. section 1132(g)(1), PLAINTIFF requests an award of attorney's fees and expenses as compensation for costs and legal fees incurred to pursue PLAINTIFF's rights under the terms of The Plan.

WHEREFORE, PLAINTIFF prays judgment as follows:

1. For declaratory judgment against DEFENDANT The Plan, requiring The Plan to pay long-term disability benefits under the terms of The Plan to PLAINTIFF for the period to which he is entitled to such benefits, with prejudgment interest on all unpaid benefits, until PLAINTIFF attains the age of 65 years or until it is determined that PLAINTIFF is no longer eligible for benefits under the terms of The Plan.

2. For attorney's fees pursuant to statute.

3. For costs of suit incurred.

4. For such other and further relief as the Court deems just and proper.

Dated: October 12, 2004

THORNTON DAVIDSON
Attorney for Plaintiff
MICHAEL CREMIN

THORNTON DAVIDSON #166487
Thornton Davidson & Associates
2055 San Joaquin Street
Fresno, CA 93721
Telephone: (559)256-9800
Telefax: (559)256-9791

Attorney for Plaintiff

ORIGINAL FILED
E-filing
04 OCT 18 PM 3:12
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

U.S. DISTRICT COURT OF CALIFORNIA, NORTHERN DISTRICT

(SAN FRANCISCO DIVISION)

C 04 4394 EDL

MICHAEL CREMIN,

    Plaintiff,

vs.

McKESSON CORPORATION EMPLOYEES' LONG TERM DISABILITY BENEFIT PLAN,

    Defendant

Case No.:

**PLAINTIFF'S CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

[Civil Local Rule 3-16]

Pursuant to Civil Rule L.R. 3-16, PLAINTIFF certifies that the following listed persons, associations of persons, firms, partnerships, corporations or other entities (1) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (2) have a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of the proceeding:

1. Plaintiff
2. Defendant
3. Defendant's Insurer, Liberty Mutual.

Dated: October 12, 2004

                                THORNTON DAVIDSON
                                Attorney for Plaintiff,
                                MICHAEL CREMIN

CERTIFICATION OF INTERESTED ENTITIES OR PERSONS - 1

*Terri,*
*Please calendar.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

MICHAEL CREMIN
    Plaintiff(s)

-v-

MCKESSON CORPORATION
    Defendant(s)

C 04-04394 EDL

ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE

IT IS HEREBY ORDERED that this action is assigned to the Honorable Elizabeth D. Laporte. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order, the handbook entitled "Dispute Resolution Procedures in the Northern District of California," the Notice of Assignment to United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients must familiarize themselves with that rule and with the handbook entitled "Dispute Resolution Procedures in the Northern District of California."

CASE SCHEDULE [ADR MULTI-OPTION PROGRAM]

| Date | Event | Governing Rule |
|---|---|---|
| 10/18/2004 | Complaint filed | |
| 01/25/2005 | Last day to meet and confer re initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR LR 3-5 |
| 01/25/2005 | Last day to file Joint ADR Certification with Stipulation to ADR process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 02/08/2005 | Last day to complete initial disclosures or state objection in Rule 26(f) Report, file/serve Case Management Statement, and file/serve Rule 26(f) Report | FRCivP 26(a)(1) Civil L.R.16-9 |
| 02/15/2005 | Case Management Conference in Ctrm E, 15th Floor, SF at 10:00 AM | Civil L.R. 16-10 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT OF CASE
TO A UNITED STATES MAGISTRATE JUDGE FOR TRIAL

Pursuant to General Order 44, the Assignment Plan of the United States District Court for the Northern District of California, this case has been randomly assigned to Magistrate Judge ELIZABETH D. LAPORTE.

Pursuant to Title 28 U.S.C. § 636(c), with written consent of all parties, a magistrate judge may conduct all proceedings in the case. Attached is a form to complete if you consent to proceed before the assigned magistrate judge and a form to complete if you decline to proceed before the assigned magistrate judge. Electronic versions of both forms are also available at the Court's Internet site: http://www.cand.uscourts.gov. Click on Forms-Civil. A party is free to withhold consent without adverse consequences. If a party declines to consent, the case will be randomly reassigned to a district judge and a case management conference will be scheduled on the district judge's calendar as close as possible to the date presently scheduled before the magistrate judge.

You must file your consent or declination by the deadline for filing the initial case management statement.

The plaintiff or removing party shall serve a copy of this notice and all attachments upon all other parties to this action pursuant to Federal Rules of Civil Procedure 4 and 5.

FOR THE COURT
RICHARD W. WIEKING, CLERK

By: Deputy Clerk

MARY ANN BUCKLEY

MagAssnNtc-2-03.wpd

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|                | No. C                                                                    |
|----------------|--------------------------------------------------------------------------|
| Plaintiff(s),  | CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE              |
| v.             |                                                                          |
| Defendant(s).  |                                                                          |

CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of Title 28, U.S.C. Section 636(c), the undersigned party hereby voluntarily consents to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and order the entry of a final judgment. Appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

Dated: _____

Signature _____

Counsel for _____
(Plaintiff, Defendant or indicate "pro se")

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Plaintiff(s),                    No.          EDL

v.                               STANDING ORDER RE
                                 CASE MANAGEMENT CONFERENCE
Defendant(s).

Lead trial counsel who will try this case are directed to confer in advance of the Case Management Conference with respect to all matters contained in the attached Proposed Joint Case Management Order, including a discovery plan and discovery limits and all other matters described in Federal Rules of Civil Procedure 16(a), 16(b) and 26(f) and Civil Local Rule 16-10. Pursuant to Civil L.R. 16-10(a), **lead trial counsel shall attend the Case Management Conference** and be prepared to discuss all matters referred to in this order. Counsel shall have the authority to enter stipulations and make admissions regarding all matters described herein.

PLAINTIFF IS DIRECTED TO SERVE COPIES OF THIS ORDER AT ONCE UPON ALL PARTIES IN THIS ACTION AND UPON THOSE SUBSEQUENTLY JOINED IN ACCORDANCE WITH THE PROVISIONS OF FEDERAL RULES OF CIVIL PROCEDURE 4 AND 5 AND CIVIL LOCAL RULES 4 AND 5, and to file with the Clerk of the Court a Certificate reflecting such service.

Failure to comply with this order, the provisions of Federal Rule of Civil Procedure 16 and 26(f) or the provisions of Civil L.R. 16-10 may be grounds for sanctions. (See Fed. R. Civ. P. 16(f)).

Dated: January 26, 2001

/s/ Elizabeth D. Laporte
ELIZABETH D. LAPORTE
United States Magistrate Judge

## STANDING ORDER

### Magistrate Judge Elizabeth D. Laporte

1) Civil law and motion is heard on Tuesdays at 9:00 a.m. Criminal law and motion is heard on Tuesdays at 1:00 p.m. Counsel need not reserve a hearing date in advance. However, noticed dates may be reset as the court's calendar requires.

2) Case Management Conferences are heard on Tuesdays at 10:00 a.m. Pretrial Conferences are heard on Tuesdays at 2:00 p.m.

3) Discovery motions may be addressed to the Court in three ways. A motion may be noticed on not less than 35 days pursuant to Civil L.R. 7-2. Alternatively, any party may seek an order to shorten or enlarge time under Civil L.R. 6-3 if the circumstances justify that relief. In emergencies during discovery events, the Court is available pursuant to Civil L.R. 37-1(b).

In the event a discovery dispute arises, counsel (or if pro se, the party) seeking discovery or a protective order shall confer in good faith with opposing counsel (or pro se party) in an effort to resolve the dispute without court action, as required by Fed. R. Civ. P. 37 and Civil L.R. 37-1(a). A declaration setting forth these meet and confer efforts and the final positions of each party shall be included in the moving papers. The Court will not consider discovery motions unless the moving party has complied with Fed. R. Civ. P. 37 and Civil L.R. 37-1(a).

Motions to compel fact discovery must be filed no later than ten days after the fact discovery cutoff. Motions to compel expert discovery must be filed no later than ten days after the expert discovery cutoff.

4) The Court strives to set matters and render decisions in a timely manner. The Court encourages parties to advise the Court by letter to chambers of any matter that appears to have been unduly delayed.

5) For all papers filed in any matter pending before Judge Laporte, a chambers' copy shall be provided and clearly marked.

6) A paper chambers copy of all electronically filed documents must be delivered to the Court no later than 12:00 noon on the day after the document is electronically filed. The paper chambers copy must be marked "Chambers Copy" and must be lodged with the Clerk's Office, in an envelope clearly marked with the judge's name, case number, and "Chambers Copy." Parties must not file a paper copy of any document with the Clerk's Office that has already been filed electronically.

IT IS SO ORDERED.

Dated: March 3, 2004

ELIZABETH D. LAPORTE
United States Magistrate Judge

# CIVIL COVER SHEET

JS 44 -No. CAND (Rev. 4/97)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO)

**I.(a) PLAINTIFFS**
MICHAEL CREMIN

**DEFENDANTS**
MCKESSON CORPORATION EMPLOYEES' LONG TERM DISABILITY BENEFIT PLAN

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)
San Francisco

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. San Francisco

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Thornton Davidson
2055 San Joaquin Street
Fresno, CA 93721    (559)256-9800

**ATTORNEYS (IF KNOWN)**

**II. BASIS OF JURISDICTION** (PLACE AN "✓" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "✓" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "✓" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "✓" IN ONE BOX ONLY)

[Checkbox categories for CONTRACT, TORTS, FORFEITURE/PENALTY, BANKRUPTCY, OTHER STATUTES, REAL PROPERTY, CIVIL RIGHTS, PRISONER PETITIONS, LABOR, SOCIAL SECURITY, FEDERAL TAX SUITS - none checked visibly]

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE; DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY) 29 U.S.C. section 1132 ERISA benefits

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ Dec. Relief    CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY**    PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT** (CIVIL L.R. 3-2) (PLACE A "✓" IN ONE BOX ONLY) ☒ SAN FRANCISCO/OAKLAND ☐ SAN JOSE

DATE 10-12-04    SIGNATURE OF ATTORNEY OF RECORD

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

MICHAEL CREMIN

v.

MCKESSON CORPORATION EMPLOYEES'
LONG TERM DISABILITY BENEFIT PLAN

SUMMONS IN A CIVIL CASE

CASE NUMBER: C 04 4394

TO:
McKesson Corporation
Corporate Headquarters
One Post Street
San Francisco, CA 94104

Corporate Secretary's Dept.

Received by _Anne Shuford_
Date received _10-28-04_
Manner received _Courier_

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY:

Thornton Davidson
Thornton Davidson & Associates
2055 San Joaquin Street
Fresno, CA 93721

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**RICHARD W. WIEKING**           OCT 1 8 2004

CLERK                            DATE

**ANNA SPRINKLES**

(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

# RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |
| Name of SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served Personally upon the Defendant. Place where served: ....................................................
............................................................................................................................

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____          _____
                Date                              Signature of Server

                                                  _____
                                                  Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.