PAMELA E. COGAN (SBN 105089)
KATHRYN C. CURRY (SBN 157099)
CRYSTAL N. THOMAS (SBN 181885)
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street
Redwood City, CA 94063
Telephone: (650) 364-8200
Facsimile: (650) 780-1701
Email: pcogan@ropers.com

Attorneys for Defendant McKESSON
CORPORATION EMPLOYEES' LONG TERM
DISABILITY BENEFIT PLAN and Real Party in
Interest LIBERTY LIFE ASSURANCE COMPANY
OF BOSTON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL CREMIN,<br><br>      Plaintiff,<br><br>v.<br><br>McKESSON CORPORATION EMPLOYEES' LONG TERM DISABILITY BENEFIT PLAN,<br><br>      Defendants.<br><br>_____<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,<br><br>      Real Party in Interest | CASE NO. C 07-1302-JL<br><br>**DEFENDANT McKESSON CORPORATION EMPLOYEES' LONG TERM DISABILITY BENEFIT PLAN'S ANSWER TO COMPLAINT** |

Defendant McKesson Corporation Employees' Long Term Disability Benefit Plan (the "McKesson LTD Plan") in answer to the Complaint of plaintiff Michael Cremin ("Cremin") on file herein, and to each and every cause of action contained therein, admits, denies and alleges as follows:

1.   Answering the allegations contained in paragraph 1, McKesson LTD Plan admits

RC1/5002033.1/AL5                                  - 1 -                         MCKESSON CORPORATION
                                                                                  ANSWER TO COMPLAINT
                                                                                  CASE NO. C-07-1302-JL

1  that the Plan is subject to and governed by ERISA, 29 U.S.C. section 1132, and this Court has

2  jurisdiction over this matter pursuant to 29 U.S.C. section 1132(f). As to the remaining

3  allegations, McKesson LTD Plan denies each and every allegation contained therein.

4        2. Answering the allegations contained in paragraph 2, McKesson LTD Plan admits

5  that plaintiff was a participant in the McKesson LTD Plan while employed at McKesson.

6  McKesson LTD Plan admits that venue is proper in this judicial district. McKesson LTD Plan

7  further admits that the McKesson LTD Plan is subject to and governed by the Employee

8  Retirement Income Security Act of 1974. As to the remaining allegations, McKesson LTD Plan

9  denies each and every allegation contained therein.

10        3. Answering the allegations contained in paragraph 3, McKesson LTD Plan admits

11  on information and belief that Liberty Life is a corporation. McKesson LTD Plan further admits

12  that Liberty Life became the claims administrator for plaintiff's long-term disability claim under

13  the McKesson LTD Plan, effective January 1, 2000. McKesson LTD Plan further admits that

14  Liberty Life had sole discretion and authority to interpret the McKesson LTD Plan and determine

15  plaintiff's eligibility for benefits under the McKesson LTD Plan. As to the remaining allegations,

16  McKesson LTD Plan denies each and every allegation contained therein.

17        4. Answering the allegations contained in paragraph 4, McKesson LTD Plan denies

18  each and every allegation contained therein.

19        5. Answering the allegations contained in paragraph 5, McKesson LTD Plan denies

20  each and every allegation contained therein.

21        6. Answering the allegations contained in paragraph 6, McKesson LTD Plan admits

22  plaintiff applied for and began receiving long-term disability benefits under the McKesson LTD

23  Plan on or about April 20, 1999.

24        7. Answering the allegations contained in paragraph 7, McKesson LTD Plan admits

25  on information and belief that plaintiff applied for and received Social Security disability benefits

26  beginning on or about August 16, 1999 in the amount of $1,455.80 per month.

27        8. Answering the allegations contained in paragraph 8, McKesson LTD Plan admits

28  that the Plan Administrator sent a letter to plaintiff dated September 21, 1999 requesting

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

RC1/5002033.1/AL5      - 2 -      MCKESSON CORPORATION
ANSWER TO COMPLAINT
CASE NO. C-07-1302-JL

1  repayment of an overpayment in the amount of $11,640.00. McKesson LTD Plan further admits
2  that plaintiff sent a check to Preferred Works in the amount of $11,640. As to the remaining
3  allegations, McKesson LTD Plan denies the allegations contained therein on the basis it is an
4  incomplete and inaccurate summary of the September 21, 1999 letter, which speaks for itself.

5      9. Answering the allegations contained in paragraph 9, McKesson LTD Plan admits
6  on information and belief that Liberty Life sent a letter to plaintiff dated August 30, 2002
7  discontinuing plaintiff's claim for long-term disability benefits under the McKesson LTD Plan.
8  McKesson LTD Plan further admits on information and belief that plaintiff sent a letter dated
9  October 10, 2002 appealing the decision to discontinue his claim for long-term disability income
10 benefits, and Liberty Life sent a letter to plaintiff dated December 6, 2002 upholding its decision
11 to discontinue benefits after the appeal. McKesson LTD Plan further admits that plaintiff filed
12 suit on October 18, 2004 in the United States District Court, Northern District of California, Case
13 No. 04-04394. As to the remaining allegations, McKesson LTD Plan denies the allegations
14 contained therein.

15     10. Answering the allegations contained in paragraph 10, McKesson LTD Plan admits
16 on information and belief the allegations contained therein.

17     11. Answering the allegations contained in paragraph 11, McKesson LTD Plan admits
18 on information and belief that Liberty Life sent a letter to plaintiff dated October 10, 2006, stating
19 that Liberty Life had completed its investigation after remand and had determined that it was
20 unable to alter the original decision to deny benefits beyond August 31, 2002. As to the
21 remaining allegations, McKesson LTD Plan denies the allegations contained therein on the basis
22 it is an incomplete and inaccurate summary of the letter, which speaks for itself.

23     12. Answering the allegations contained in paragraph 12, McKesson LTD Plan admits
24 on information and belief that plaintiff sent a letter to Liberty Life dated December 10, 2006. As
25 to the remaining allegations in paragraph 12, McKesson LTD Plan denies the allegations
26 contained therein on the basis it is an incomplete and inaccurate summary of the letter, which
27 speaks for itself.

28     13. Answering the allegations contained in paragraph 13, McKesson LTD Plan admits

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

on information and belief that Liberty Life sent a letter on January 19, 2007 responding to plaintiff's letter dated December 10, 2006. As to the remaining allegations in paragraph 13, McKesson LTD Plan denies the allegations contained therein on the basis it is an incomplete and inaccurate summary of the letter, which speaks for itself.

14. Answering the allegations contained in paragraph 14, McKesson LTD Plan denies each and every allegation contained therein.

15. Answering the allegations contained in paragraph 15, McKesson LTD Plan denies each and every allegation contained therein.

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that said complaint fails to state facts sufficient to constitute a cause of action against this answering defendant.

## SECOND AFFIRMATIVE DEFENSE

**(Conditions Precedent)**

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that at all times and places mentioned in the complaint herein, plaintiff failed to perform certain conditions precedent to the duty of defendant. These conditions precedent were imposed upon plaintiff by contract. The non-performance of said conditions excused defendant's obligations under the contract and has given the defendant the right of disaffirmance, rescission and release; plaintiff is therefore barred from recovery herein.

## THIRD AFFIRMATIVE DEFENSE

**(No Coverage/Barred by Terms and Conditions)**

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED

THEREIN, this answering defendant alleges that the claims alleged against defendant, in whole or in part, do not fall within the scope of the coverage or are barred by the terms, conditions, definitions, exclusions, and the limitations contained in the Plan.

**FOURTH AFFIRMATIVE DEFENSE**

**(Set-Off)**

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, plaintiff's recovery, if any, against this answering defendant must be off-set by all amounts of overpayment of benefits to plaintiff and any interest owed thereon and by any other amounts appropriate for set-off.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Abuse Of Discretion)**

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this responding party alleges that Liberty Life did not abuse its discretion in denying plaintiff's claim for benefits under the Plan.

**SIXTH AFFIRMATIVE DEFENSE**

**(Waiver and Estoppel)**

AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiff has waived and is estopped and barred from alleging the matters set forth in the complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Laches)**

AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiff's complaint is barred by the Doctrine of Laches.

WHEREFORE, this answering defendant prays for judgment as follows:

1. That plaintiff take nothing by his complaint;

2. For costs of suit incurred herein; and

3. For such other and further relief as the Court deems proper.

Dated: August 3, 2007

ROPERS, MAJESKI, KOHN & BENTLEY

By:  /s/ Crystal N. Thomas
PAMELA E. COGAN
KATHRYN C. CURRY
CRYSTAL N. THOMAS
Attorneys for Defendant McKESSON CORPORATION EMPLOYEES' LONG TERM DISABILITY BENEFIT PLAN and LIBERTY LIFE ASSURANCE COMPANY OF BOSTON