PAMELA E. COGAN (SBN 105089)
KATHRYN C. CURRY (SBN 157099)
CRYSTAL N. THOMAS (SBN 181885)
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 300
Redwood City, CA 94063
Telephone:   (650) 364-8200
Facsimile:   (650) 780-1701

Attorneys for Real Party in Interest, LIBERTY LIFE ASSURANCE COMPANY OF BOSTON and Defendant MCKESSON CORPORATION EMPLOYEES' LONG TERM DISABILITY BENEFIT PLAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MICHAEL CREMIN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>McKESSON CORPORATION EMPLOYEES' LONG TERM DISABILITY BENEFIT PLAN,<br><br>　　　　Defendants.<br>_____<br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,<br><br>　　　　Real Party Un Interest | CASE NO. C 07-1302 CW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:　September 11, 2007<br>Time:　2:00 p.m.<br>Judge:　Hon. Claudia Wilkin |

The parties to the above-entitled action jointly submit this Case Management Conference Statement.

**I.   JURISDICTION**

The parties agree the Court has original jurisdiction pursuant to the Employee Retirement Income Security Act ("ERISA"), codified at 29 U.S.C. section 1001, et seq. There are no issues

regarding personal jurisdiction or venue, and no parties remain to be served.

## II. DESCRIPTION OF THE CASE

### Plaintiff's Statement of the Case

Michael Cremin was employed by McKesson Corporation as a mid-level executive. He had a heart attack and subsequently an unusual amount of anxiety which disabled him. He applied for benefits under his company's long term disability plan which were granted for a period of time and then discontinued. He appealed the discontinuance of benefits and that was denied. He filed suit on October 18, 2004. After cross-motions for summary judgment, the Court remanded to Liberty for further administrative action. Liberty did some further administrative investigation. Mr. Cremin requested a few extensions of time in order to obtain and submit some psychological testing because his original treating psychiatrist was uncooperative with both Liberty and Mr. Cremin. Liberty established a deadline which allowed its consultants to submit all the reports that they wanted, but which did not allow Mr. Cremin to submit the psychologist report. Liberty reaffirmed its denial of benefits. Mr. Cremin submitted the psychologist report late, and Liberty refused to consider it. Liberty also refused to allow an appeal from its denial of benefits. This suit was then filed.

### Defendant and Real Party In Interest's Statement of the Case

This action arises out of the discontinuation of plaintiff's claim for long-term disability benefits under the McKesson Corporation Employees' Long Term Disability Plan. Plaintiff had submitted a claim for benefits based on alleged severe anxiety. Liberty Life Assurance Company of Boston is the insurer and claims administrator for the McKesson LTD Plan. The claim was denied on September 1, 2002. Plaintiff appealed and the appeal was upheld. Plaintiff then filed suit on October 18, 2004. ("Cremin I.") After cross-motions for judgment, the Court remanded the claim to Liberty Life for further investigation. Pursuant to the Court's Order, Liberty conducted a further investigation, including obtaining updated documentation and opinions from plaintiff's treating cardiologist. Plaintiff's treating psychologist would not provide Liberty with any information despite repeated requests. Although plaintiff's claim was based solely on an alleged anxiety disorder, in order to fully assess any restrictions and limitations plaintiff might

have due to his cardiac history, Liberty Life also sent the updated medical records received from Dr. Gershengorn to an independent Board Certified Cardiologist, Dianne Zwicke, M.D., for review and assessment, who also spoke with Dr. Gershengorn. Because the Court had found ambiguities in his report, Liberty Life also asked Dr. Mirkin to clarify his opinions provided in his November 30, 2002 report to Liberty Life during the claim. The clarification was provided to Liberty Life on October 4, 2002. During the investigation, plaintiff's counsel repeatedly notified Liberty Life that he would be sending psychological test results and reports. After numerous extensions, Liberty finally received personnel records and testimonials on August 26, 2006, which were fully considered, but no medical records or test results. Although plaintiff, through his counsel, repeatedly stated that additional medical documents and reports would be forthcoming, none were ever provided to Liberty Life, even though Liberty Life continued to extend the time for plaintiff to submit the additional records. After seven months had passed without plaintiff submitting the additional information as promised, Liberty Life completed its further investigation on October 10, 2006, and upheld its decision to deny benefits effective September 1, 2002. Six months later, on March 6, 2007, plaintiff filed this action. ("Cremin II.")

### A. **Principal Issues in Dispute**

1. Whether the applicable standard of review to be applied by the Court is an abuse of discretion or de novo;

2. If the standard of review is an abuse of discretion, whether Liberty abused its discretion by upholding its decision to deny benefits after the Court's remand;

3. If the standard of review is *de novo*, whether plaintiff presented sufficient proof to Liberty Life during the claim and during the remand to show that he was disabled under the terms of the Plan as of August 31, 2002; and

4. Whether any other relief sought is proper and appropriate.

5. Whether Mr. Cremin was entitled to appeal the decision of Liberty on remand;

6. Whether Liberty should have considered Mr. Cremin's psychologist report;

7. Whether Mr. Cremin is disabled and entitled to benefits.

**B. Pleadings**

The parties do not anticipate any amendment of the pleadings or the joining of additional parties.

**C. Relief Sought**

**1. Plaintiff's Position**

Mr. Cremin seeks benefits due under the Plan and his costs and attorneys' fees for both the first action and this action.

**2. Defendant's and Real Party In Interest's Position**

Although Liberty and the Plan are not seeking damages, if liability is established, plaintiff's recovery must be off-set by all benefits awarded by other sources as outlined in the policy.

**III. DISCLOSURES**

The parties have agreed to serve their Initial Disclosures by October 10, 2007.

**IV. DISCOVERY**

**Plaintiff's Position**

Plaintiff believes discovery is appropriate to determine the standard of review, and the fairness of the administrative proceeding. Plaintiff intends to propound interrogatories and possibly may request a small number of short depositions, primarily to demonstrate the bias of the defense examiners, and the failure of Liberty to provide equal weight to treating physicians and those which Liberty selects.

**Defendant and Real Party In Interest's Position**

Liberty Life and the McKesson Plan contend discovery would be improper in this case because it is an ERISA action. One of the primary goals of ERISA is to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously. (*Taft v. Equitable Life Assurance Soc'y*, 9 F.3d 1469, 1472 (9th Cir. 1993); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987); *Snow v. Standard Ins. Co.*, 87 F.3d 327, 330 (1996).) Thus, the Court's review of Liberty's decision on remand to deny long-term disability benefits to plaintiff is limited to the administrative record consisting of the claim file and the applicable Plan

1  documents.

2  V. **SETTLEMENT AND ADR**

3  The parties have requested an Early Settlement Conference with a Magistrate Judge.

4  VI. **CONSENT TO MAGISTRATE**

5  Defendant and Real Party In Interest do not consent to a magistrate judge for all purposes.

6  VII. **OTHER REFERENCES**

7  The parties agree that this case is not suitable for reference to binding arbitration, a special

8  master, or the Judicial Panel on Multi-District Litigation.

9  VIII. **SCHEDULING**

10  A. **Pretrial Conference**

11  Because this is an ERISA action, the parties agree that a Pretrial Conference is not

12  necessary. (*Kearney v. Standard*, 175 F.3d 1084 (9th Cir. 1999).) Therefore with respect to

13  scheduling and planning, the parties agree to waive the Pretrial Conference and its attendant

14  requirements under the Civil Local Rules.

15  B. **Motions**

16  If the parties cannot agree on the applicable standard of review, the parties anticipate

17  filing motions for summary adjudication pursuant to Rule 56 of the Federal Rules of Civil

18  Procedure.

19  Plaintiff requests a trial date in January 2008 and a law and motion cut-off date to be set

20  accordingly. Defendant and Real Party in Interest parties propose January 14, 2007 as the last

21  day to file cross-motions regarding the applicable standard of review.

22  C. **Trial**

23  Because this is an ERISA action, there is no right to a jury. The parties anticipate filing

24  cross-motions for judgment pursuant to Rule 52 of the Federal Rules of Civil Procedure, with the

25  hearing, if any, to serve as the trial date. The parties propose the following briefing and hearing

26  schedule:

27  **Plaintiff's Proposed Trial Date**:

28  Plaintiff proposes a trial/hearing date in January 2008 with a briefing schedule set

accordingly.

**Defendant and Real Party In Interest Propose the Following Briefing Schedule**:

Opening briefs:  March 3, 2008

Responsive Briefs:  March 17, 2008

Trial/Hearing:  March 31, 2008

IX.  **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

A.  **Plaintiff's Disclosure**

Plaintiff filed his certification of interested entities and persons on September 5, naming only the parties as entities having an interest in the proceeding.

B.  **Liberty's and The Plan's Disclosure**

Liberty and the Plan filed their "Certification of Interested Entities or Persons" on July 6, 2007 and August 3, 2007, respectively, as required by Civil Local Rule 3-16.  The following listed persons, associations of persons, firms, partnerships, corporations or other entities (1) have a financial interest in the subject matter in controversy or in a party to the proceeding; or (2) have a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of the proceeding:

| | |
|---|---|
| MICHAEL CREMIN | Plaintiff |
| MCKESSON CORPORATION EMPLOYEES' LONG TERM DISABILITY BENEFIT PLAN | Defendant |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON | Real Party in Interest |

| | | |
|---|---|---|
| 1 | Dated: September 5, 2007 | LAW OFFICES OF LAURENCE F. PADWAY |
| 2 | | |
| 3 | | By: _____/s/_____<br>   LAURENCE F. PADWAY |
| 4 | | Attorneys for Plaintiff MICHAEL CREMIN |
| 5 | | |
| 6 | Dated: September 5, 2007 | ROPERS, MAJESKI, KOHN & BENTLEY |
| 7 | | |
| 8 | | By: _____/s/_____<br>   PAMELA E. COGAN<br>   KATHRYN C. CURRY |
| 9 | | CRYSTAL N. THOMAS<br>Attorneys for Real Party In Interest |
| 10 | | LIBERTY LIFE ASSURANCE COMPANY OF<br>BOSTON and Defendant MCKESSON |
| 11 | | CORPORATION EMPLOYEES' LONG TERM<br>DISABILITY BENEFIT PLAN |