McKESSON CORPORATION EMPLOYEES' LONG TERM DISABILITY PLAN
Amendments and Resolutions subsequent to 01/01/85 Restatement

| EBC Meeting | Effective Date | LTD Plan Section | Change |
|---|---|---|---|
| 01/24/85 | 01/01/85 | | Resolution - Adjustco appointed claims administrator |
| N/A | 07/31/87 | 1 and 6(b)(4) | Amendment dated 12/29/87 - McKesson Delaware replaces Foremost-McKesson, Inc. |
| N/A | 07/31/87 | 1.1 | Amendment dated 10/28/88 - McKesson Delaware replaces McKesson Corporation. *This amendment rescinds the 12/29/87 amendment.* |
| 08/12/87 | 09/01/87 | | Resolution - Basic Salary includes salary deferred under DCAP |
| | 09/01/87 | 1.5 | Amendment dated 9/1/87 - Basic Salary includes deferred comp |
| 08/12/87 | 08/01/87 | | Resolution - McKesson Delaware ees eligible LTD |
| 06/22/88 | 07/01/87 | 7.2 | Amendment - Mohawk contribs change from Co paid to Ee paid |
| 06/22/88 | 01/01/87 | 1.4. | Amendment - Ee definition, U.S. employee |
| 06/22/88 | | 4.4, 2nd para, F) | Amendment - ADEA Duration of Benefits |
| 06/22/88 | 05/01/88 | 5.6 | Amendment - Participant may authorize reimbursement to Company to be withheld from benefit |
| 07/27/88 | 01/01/89 | 1.3 and 4.4 C | Amendment - 18 months (instead of 24 mos) max own occ benefit for disabilities commencing after 01/01/89 |
| 07/27/88 | 01/01/89 | N/A | Resolution - contribution rates $0.75 and $1.10 |
| 12/18/89 | 08/02/89 | 8.1 of 1/85 Restatement *and* Article 8 of Plan as amended by EBC Resol of 3/27/83 | Amendment - Responsibilities of the Committee (Firestone language) |

July 1, 1992

1

H:\RHR\LTDDOC\Amnd1.ht

| EBC Meeting | Effective Date | LTD Plan Section | Change |
|---|---|---|---|
| 10/05/90 Circulated | 05/30/91 | N/A | Resolution - delegation of appeals to Director, Comp & Benes |
| 03/22/91 | 07/01/91 | N/A | 18% increase in contribution levels 07/01/91 |
| 03/22/91 | Resolution circulation date 05/13/91 | N/A | $100,000 Loan from Company to Plan |
| 03/22/91 | 01/01/91 | 4.4 | Amendment:<br>• max period for appeals extended when appeal results from retroactive SSD award<br>• waive requirement that claimant in receipt of SSD after 18 mos when SSD denied solely because of claimant's age<br>*This amendment mistakenly changes 4.4.C to 24 mos, and mistakenly uses 24 mos instead of 18 mos in 4.4.D.* |

PLAN-0103

MINUTES OF THE McKESSON CORPORATION
EMPLOYEE BENEFITS COMMITTEE MEETING

*Pages 8 and 9*

January 24, 1985

A meeting of the McKesson Corporation Employee Benefits Committee was
held at the Corporation Offices in San Francisco on January 24, 1985.
Present were Committee Chairman Alan J. Seelenfreund, and Committee
members James I. Johnston, Rex R. Malson, Donald J. Yellon, Donald B.
Dahlin, and Barry B. Blocker. Also present were Rachel Markun from
Morrison & Foerster, Sandy Grieve from T.P.F & C., Joan Bachand, Caroline
Weir, and Chris Maher, Acting Secretary.

I.  The minutes of the meeting held September 11, 1984 were approved.

II. Old Business

A.  The following resolution was passed to limit coverage under the
health plan for in-vitro fertilization.

RESOLVED, that effective September 1, 1984 Article IV, Section
4.11.Q and Article VII, Section 7.12.N. be and hereby are
amended to read in full as follows:

"For or in connection with treatment with technological
medical devices, procedures and therapy which are
experimental in nature, or not generally recognized by the
medical profession, except that medical expenses up to a
total of $5,000 per participant for the treatment of
infertility by in-vitro fertilization shall be included in
Covered Medical Expenses."

B.  Proposal to extend coverage under the McKesson Employee Benefit
Plans to employees of 3 P.M.

The Committee approved the following resolution to include
employees of 3 P.M. in the benefit plans. This coverage
extends only to welfare plans since employees of 3 P.M. were
covered under the Profit-Sharing and Retirement plans at the
date of acquisition in October, 1983.

RESOLVED, that effective January 1, 1985, employees of 3 P.M.,
Inc. shall be eligible to participate in the McKesson
Corporation Employees' Long Term Disability Plan in accordance
with the terms and conditions of the said plan; and

RESOLVED, FURTHER, that effective January 1, 1985, employees of
3 P.M., Inc. shall be eligible to participate in the benefit
plans named below, in accordance with the terms and conditions
of the said plans, provided however that such eligibility shall
be limited to employees who are scheduled to work not less than
30 (thirty) hours per week on a regular continuous basis;

PLAN-0104

MINUTES OF THE McKESSON CORPORATION
EMPLOYEE BENEFITS COMMITTEE MEETING

*Pages 8 and 9*

January 24, 1985

A meeting of the McKesson Corporation Employee Benefits Committee was
held at the Corporation Offices in San Francisco on January 24, 1985.
Present were Committee Chairman Alan J. Seelenfreund, and Committee
members James I. Johnston, Rex R. Malson, Donald J. Yellon, Donald B.
Dahlin, and Barry B. Blocker. Also present were Rachel Markun from
Morrison & Foerster, Sandy Grieve from T.P.F & C., Joan Bachand, Caroline
Weir, and Chris Maher, Acting Secretary.

I. The minutes of the meeting held September 11, 1984 were approved.

II. Old Business

A. The following resolution was passed to limit coverage under the
health plan for in-vitro fertilization.

RESOLVED, that effective September 1, 1984 Article IV, Section
4.11.Q and Article VII, Section 7.12.N. be and hereby are
amended to read in full as follows:

"For or in connection with treatment with technological
medical devices, procedures and therapy which are
experimental in nature, or not generally recognized by the
medical profession, except that medical expenses up to a
total of $5,000 per participant for the treatment of
infertility by in-vitro fertilization shall be included in
Covered Medical Expenses."

B. Proposal to extend coverage under the McKesson Employee Benefit
Plans to employees of 3 P.M.

The Committee approved the following resolution to include
employees of 3 P.M. in the benefit plans. This coverage
extends only to welfare plans since employees of 3 P.M. were
covered under the Profit-Sharing and Retirement plans at the
date of acquisition in October, 1983.

RESOLVED, that effective January 1, 1985, employees of 3 P.M.,
Inc. shall be eligible to participate in the McKesson
Corporation Employees' Long Term Disability Plan in accordance
with the terms and conditions of the said plan; and

RESOLVED, FURTHER, that effective January 1, 1985, employees of
3 P.M., Inc. shall be eligible to participate in the benefit
plans named below, in accordance with the terms and conditions
of the said plans, provided however that such eligibility shall
be limited to employees who are scheduled to work not less than
30 (thirty) hours per week on a regular continuous basis;

PLAN-0105

# ARTICLE 9

## DURATION AND AMENDMENT OF THE PLAN

### 9.1   Permanence of the Plan

The Plan shall continue in full force and effect unless terminated, modified, altered, or amended by the Company, as provided in this Article.  Although the Company has established the Plan with the bona fide intention and expectation that it will continue indefinitely, nevertheless, the Company is not, and shall not be, under any obligation or liability whatsoever to maintain the Plan for any given length of time.  The Company, through action of its Board of Directors, may, in its sole and absolute discretion, terminate the Plan at any time, without any liability whatsoever for such termination.  In the event that the Plan is terminated, the Trustee will, to the extent that funds are available in the Trust Fund, continue to pay all benefits then due and payable to Participants.

### 9.2   Right to Amend

The Company reserves the right, at any time and from time to time, to modify, alter, or amend, in whole or in part, any or all of the provisions of the Plan, provided, however, that no such modification, alteration, or amendment which increases the duties, obligations or liability of the Plan Administrator shall be made without the consent of the Plan Administrator.

PLAN-0106

# ARTICLE 8

## ADMINISTRATION OF THE PLAN

### 8.1  Duties of Plan Administrator

The Plan Administrator is responsible for the administration of this Plan in accordance with the provisions of the Plan. The Plan Administrator shall have such powers and perform such duties as are necessary for the proper operation of the Plan.  This shall include, from time to time, designating representatives who shall carry out the delegated responsibilities on behalf of the Plan Administrator.  Contemplated designees include, but are not limited to, a Claims Administrator.  All such designees shall serve at the pleasure of the Plan Administrator and, if employees, shall serve without compensation.

### 8.2  Limitation of Liability

The Plan Administrator, and any employee or representative thereof, shall be entitled to rely upon any information from any source assumed in good faith to be correct.  Neither the Plan Administrator, nor any of its employees or representatives, nor the Company, nor any officer or other representative of the Company, shall be liable, because of any act or failure to act, on the part of the Plan Administrator or any of its employees or representatives, to any person whomsoever, except that nothing herein shall be deemed to relieve any individual from liability for his or her own fraud, bad faith, or gross negligence.

# ARTICLE 10

## GENERAL PROVISIONS

### 10.1  No Limitation of Management Rights

Participation in the Plan shall not lessen or otherwise affect the responsibility of a Participant to perform fully his or her duties in a satisfactory and efficient manner, nor shall it affect the Company's right to discipline, discharge, or take any other action with respect to a Participant.

### 10.2  Participant's Responsibilities

Each Participant shall be responsible for providing the Plan Administrator with his or her current address.  Any notices required or permitted to be given hereunder shall be deemed given if directed to such address, and mailed by regular United States mail.  Neither the Plan Administrator nor the Company shall have any obligation or duty to locate a Participant.  In the event a Participant becomes entitled to a payment under the Plan, and such payment cannot then be made (i) because the current address referred to above is incorrect, (ii) because such Participant fails to respond to the notice sent to the current address referred to above, (iii) because of conflicting claims to such payment, or (iv) because of any other reason, the amount of such payment, if and when made, shall be that determined under the provisions of Article 4 hereof, without interest thereon.

### 10.3  Missing Persons

If, within one year after any amount becomes payable hereunder to a Participant, the same shall not have been claimed, provided due and proper care shall have been exercised by the Plan Administrator in attempting to make such payment, the amount thereof shall be forfeited, and shall cease to be a liability of the Plan.

PLAN-0108

### 10.4  Titles

Titles are for reference only.  In the event of a conflict between a Title and the content of a Section, the content of

## 10.5  Governing Law

The Plan shall be governed by, and construed in accordance with, the Federal laws governing employee benefit plans.

## 10.6  Gender and Number

The masculine pronoun shall include the feminine pronoun, and the singular number shall include the plural number, unless the context of the Plan indicates otherwise.

EFFECTIVE AS OF JANUARY 1, 1985

McKESSON CORPORATION

BY: _____

NAME: _____

TITLE: _____

DATE: _____

## 10.5  Governing Law

The Plan shall be governed by, and construed in accordance with, the Federal laws governing employee benefit plans.

## 10.6  Gender and Number

The masculine pronoun shall include the feminine pronoun, and the singular number shall include the plural number, unless the context of the Plan indicates otherwise.


EFFECTIVE AS OF JANUARY 1, 1985

McKESSON CORPORATION


BY: _____

NAME: _____

TITLE: _____

DATE: _____

## ARTICLE 10

## GENERAL PROVISIONS

### 10.1  No Limitation of Management Rights

Participation in the Plan shall not lessen or otherwise affect the responsibility of a Participant to perform fully his or her duties in a satisfactory and efficient manner, nor shall it affect the Company's right to discipline, discharge, or take any other action with respect to a Participant.

### 10.2  Participant's Responsibilities

Each Participant shall be responsible for providing the Plan Administrator with his or her current address. Any notices required or permitted to be given hereunder shall be deemed given if directed to such address, and mailed by regular United States mail. Neither the Plan Administrator nor the Company shall have any obligation or duty to locate a Participant. In the event a Participant becomes entitled to a payment under the Plan, and such payment cannot then be made (i) because the current address referred to above is incorrect, (ii) because such Participant fails to respond to the notice sent to the current address referred to above, (iii) because of conflicting claims to such payment, or (iv) because of any other reason, the amount of such payment, if and when made, shall be that determined under the provisions of Article 4 hereof, without interest thereon.

### 10.3  Missing Persons

If, within one year after any amount becomes payable hereunder to a Participant, the same shall not have been claimed, provided due and proper care shall have been exercised by the Plan Administrator in attempting to make such payment, the amount thereof shall be forfeited, and shall cease to be a liability of the Plan.

### 10.4  Titles

**PLAN-0111**

Titles are for reference only. In the event of a conflict between a Title and the content of a Section, the content of the Section shall control.



**M:Kesson**

Intra Company
Correspondence

To
Caroline Weir

From
Renee Albright

Subject

Date
May 16, 1985

Location/Tel.
Comp. & Benefits
8976

Copies To
N. Mulholland

Attached is a revised page 10 to the LTD Plan Document.

This revision (1) more clearly defines the offset procedures
and amount, and (2) includes language describing benefits
exempt from forced integration.

RA/rrc
Attachment as noted

# Adjustco

D) benefits under any plan, fund or other arrange-
ment, by whatever name called, providing disa-
bility or retirement benefits pursuant to any
compulsory benefit act or law of any federal,
state or provincial government;

E) disability benefits under any other Company-
sponsored or Company-funded plan; and

F) benefits under a Company-sponsored retirement
plan.

To the extent that the benefits described in paragraphs A)
through F) are payable for less than a full month, the Plan
benefit as set forth in Section 4.1 shall be reduced by
one-thirtieth (1/30th) of the amount of the monthly benefit
or by one seventh (1/7th) of the amount of the weekly
benefit.

In the event that a Participant either fails to apply for,
elects to defer, or fails to request any of the benefits,
as set forth in this section, which would serve to reduce
the Plan benefit, the Plan Administrator shall use, for the
purpose of determining the reduction in payments under this
Plan, the benefit that would have been paid had the Parti-
cipant made application for, and received such benefits, on
the earliest date on which he or she was eligible, except
that this provision shall not apply in the case of retire-
ment benefits which might be payable prior to the normal
retirement age of the Participant or of Social Security
old age retirement benefits which might be payable prior
to the Participant's attainment of age 65.

In the event that a person entitled to a Disability benefit
hereunder receives income from an occupation or employment
engaged in with the prior and continuing approval of the
Plan Administrator, the Disability benefit shall be further
reduced by 60% of remuneration derived from that occupation
or employment.

**PLAN-0113**

## 4.3  Acts of Third Parties

In the event that a Participant is injured through the acts
or omissions of another person or organization, the Plan
Administrator shall provide the benefits of the Plan only
on condition that the Participant shall agree in writing:

A) To reimburse the Plan for the full amount of
payments made under the terms of this Plan,
immediately upon receipt of and out of the
proceeds of any settlement of, or judgment in,

McKESSON CORPORATION

EMPLOYEES' LONG TERM DISABILITY BENEFIT PLAN

AS RESTATED
EFFECTIVE JANUARY 1, 1985

(ORIGINAL EFFECTIVE DATE DECEMBER 1, 1976)

PLAN-0114

## TABLE OF CONTENTS

**Article**

**1    DEFINITIONS**                                                              **Page**

   1.1     Company
   1.2     Plan Administrator
   1.3     Disability                                                          2
   1.4     Employee                                                            2
   1.5     Basic Salary                                                        2
   1.6     Participant                                                         2
   1.7     Plan                                                                3
   1.8     Physician                                                           3
   1.9     Plan Year                                                           3
   1.10    Trust Fund                                                          3
   1.11    Trustee                                                             4
                                               4

**2    PARTICIPATION**

   2.1     Eligibility for Participation
   2.2     Election to Participate                                             5
   2.3     Cessation of Participation                                          5
                                             5

**3    ELIGIBILITY FOR BENEFITS**

   3.1     Elimination Period
   3.2     Disability Determination                                            7
   3.3     Exclusions and Limitations                                          7
   3.4     Rehabilitative Employment                                           7
                                             8

**4    DISABILITY BENEFITS**

   4.1     Amount of Benefit
   4.2     Reduction of Benefits                                               9
   4.3     Acts of Third Parties                                               9
   4.4     Commencement Duration of Disability Benefits                        10
                                           10

**5    PAYMENT OF BENEFITS**

   5.1     Application for Benefits
   5.2     Time Limit for Application of Benefits                              12
   5.3     Medical Examinations                                                12
   5.4     Claim Determination                                                 12
   5.5     Claim Review Procedure                                              12
   5.6     Non-Alienation of Benefits                                          13
   5.7     Payment to Representative                                           13
   5.8     Payment in the Event of Death                                       13
                                           14

**6    THE TRUST FUND AND THE TRUSTEE**

   6.1     Trust Agreement
   6.2     Purpose of the Trust Fund                                           15
                                           15

This document may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument, and the Secretary is directed to file this consent with the minutes of the proceedings of the Employee Benefits Committee of the Board of Directors of this Corporation.

DATED:    October 5, 1990

Ronald C. Anderson

Robert C. Johnson

James I. Johnston

Ivan D. Meyerson

Nancy A. Miller

Douglas E. Nelson

Joseph E. Polastri

Garret A. Scholz

ACTION BY UNANIMOUS WRITTEN CONSENT OF THE
EMPLOYEE BENEFITS COMMITTEE OF THE
BOARD OF DIRECTORS
OF
McKESSON CORPORATION

The undersigned, constituting all of the members of the Employee Benefits Committee of the Board of Directors of McKesson Corporation, a Delaware corporation, acting without the formality of convening a meeting pursuant to Section 141(f) of the Delaware General Corporation Law and Article III, Section 10 of the By-Laws of the Corporation, do hereby consent to and adopt the following resolutions:

RESOLVED, that, effective May 30, 1990, appeals from health and disability benefit decisions be, and they hereby are, delegated to the Director of Compensation and Benefits, as authorized by Section 33.2 C of the McKesson Corporation Health Plan, Sections 1.2 and 8.1 of the McKesson Corporation Employees' Long Term Disability Benefit Plan, and the general claims procedures provisions of the McKesson Corporation Short Term Disability Plan; and

RESOLVED, FURTHER, that the Director of Compensation and Benefits must, for informational purposes, review each benefits decision determined by him with the Committee member from the claimant's operating group before communicating the decision to the claimant.

PLAN-0117

This document may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument, and the Secretary is directed to file this consent with the minutes of the proceedings of the Employee Benefits Committee of the Board of Directors of this Corporation.

DATED:    October 5, 1990

_____
Ronald C. Anderson

_____
Robert C. Johnson

_____
James I. Johnston

_____
Ivan D. Meyerson

_____
Nancy A. Miller

_____
Douglas E. Nelson

_____
Joseph E. Polastri

_____
Garret A. Scholz