MINUTES OF THE McKESSON CORPORATION
EMPLOYEE BENEFITS COMMITTEE MEETING

## June 22, 1988

A meeting of the Employee Benefits Committee was held at the Company's offices on June 22, 1988. Present from the Committee were Alan J. Seelenfreund, Chairman, Rex R. Malson, Donald B. Dahlin, James I. Johnston, Ronald C. Anderson, and Joseph L. Garde. Present from the staff were Ivan Meyerson, Christopher Maher and Caroline Weir. Present for the latter part of the meeting from staff was Terry Finney. Present for the discussion of the long-term disability plan was Robert Blum of Orrick, Herrington, & Sutcliffe.

I.   The minutes of the meeting of the Committee held on April 14, 1988 were approved after correction of the following points:

    The meeting date is corrected from April 13, 1988 to April 14, 1988;

    The implementation date for cost sharing in the health plan, referenced in section IIB of the minutes, is corrected from January 1, 1988 to January 1, 1989; and,

    The ESOP diversification rules referenced in section IID of the minutes were reported to apply to participants who are age 55 and have 10 or more years of 'service'. The word 'participation' is substituted for 'service'.

II.  Old Business

    A.   Proposal to Fund Deficiency in McKesson Corporation Employees' Long-Term Disability Plan.

        Staff outlined the options to restore the LTD plan to adequate funding. These include raising employee contributions, reducing benefits, making an employer contribution, or some combination of these alteratives.

        A lengthy discussion of these options then ensued, including review of the impact on plan enrollment of implementing each option, the tax affect on participants and the accounting and cash flow affect on the Company.

PLAN-0154

MINUTES OF THE McKESSON CORPORATION
EMPLOYEE BENEFITS COMMITTEE MEETING
June 22, 1988                                                    Page 2

The Committee was uncomfortable with the magnitude
of the proposed 3.7 million dollar company
contribution and asked the staff to further review
the Committee's options with the objective of
minimizing the affect on both the Company and the
employees.

B.    **Proposal to Grant Creditable Service Under the Retirement
Plan to Visitacion Associates' Employees That Are Rehired
By McKesson Corporation**

The Committee approved the following resolution after
discussion:

RESOLVED, that Section 3. "Vesting and Breaks in
Service" is amended by adding the following
subsection at the end thereof:

"(4)  Special Rule for Certain Employees of
Visitacion Associates.  If a Participant was
employed by McKesson Corporation ("McKesson"),
thereafter immediately became employed by
Visitacion Associates (a joint venture in which
McKesson participated), and thereafter
immediately became employed by McKesson, his
service with Visitacion Associates shall be
treated as service with McKesson for all
purposes under this Plan."

III.  **New Business**

Before proceeding to agenda items, the Committee discussed the
need for a review of the entire employee benefit package in
light of the changing nature of the Company's business.  It
was agreed that staff would undertake a study.

A.    **Proposal to Change the Vesting Requirements in the
McKesson Corporation Retirement Plan**

The Tax Reform Act of 1986 requires the substitution of
5-year cliff vesting or 7-year graded vesting for the
current 10-year vesting schedule.  Staff proposed the
adoption of 5-year cliff vesting in conjunction with the
elapsed time method of counting service.  The Committee
approved this proposal with the following resolutions:

**Minutes of the Meeting
of the McKesson Corporation
Employee Benefits Committee**

**March 16, 1990**

A meeting of the Employee Benefits Committee was held at the Company's offices on March 16, 1990. The meeting convened at 9:00 a.m. Present from the Committee were Garret A. Scholz, Chairman, Ronald C. Anderson, James I. Johnston, Ivan D. Meyerson and Douglas E. Nelson. Committee member Joseph E. Polastri joined the meeting at 9:25 a.m.

Present from the staff were Christopher R. Maher, Michael Nabors and Caroline Weir. Present from the firm of TPF&C was Martin E. Miller, FSA, who provided consulting services in connection with Agenda Items IIA and IIB.

Mr. Nabors left the meeting after discussion of Agenda Item IID. Mr. Miller left the meeting after discussion of Agenda Item IIB. Mr. Johnston left the meeting after discussion of Agenda Item IIF.

I.    **Approval of Minutes**

The minutes of the meeting held on August 2, 1989 were approved.

II.   **New Business**

1.    **MMI Child Development Center Proposal – Agenda Item IID.**

Mike Nabors, Sr. Vice President, Human Resources Development at Mass Merchandising, Inc. (MMI) presented the MMI Child Development Center proposal to the Committee. This proposal calls for the purchase of an existing day care center in Harrison, Arkansas by MMI and its subsequent operation by MMI for the children of local MMI employees. It was recommended that MMI subsidize employee fees in accordance with attachment H of the proposal. This required amendment of MMI's Flexible Benefits Plan which provides for dependent care through salary reduction. Mr. Nabors reported that employee demographics at MMI Harrison suggested the need for day care assistance and that several employee surveys had confirmed this need.

**PLAN-0156**

The results of MMI's analysis were reviewed with
the Committee. The Center is expected to run an
operating loss initially and perhaps in subsequent
years. However MMI believes that this loss will be
offset by a reduction in turnover costs and
possibly by a reduction in the duration of Short-
Term disability claims arising from pregnancy.

The Committee discussed the proposed policies to
minimize risk and directed MMI to review further
whether separate liability coverage for the center
was appropriate.

The Committee then endorsed the proposal and
directed staff to prepare the necessary Plan
amendments for adoption by the Company.

2. PSIP Participation Report

Staff reported on the increase in participation
resulting from the introduction of the 1989 ESOP
and the subsequent membership drive. Enrollment by
operating group is included as Attachment A to
these minutes. Participation increased from 68% in
November 1989 to 82% as of March 1, 1990.

The Committee requested that Staff report PSIP
participation by distribution center for Drug
operations and by business unit for Service
Merchandising operations. This has since been
done.

3. McKesson Corporation Employees' Long-Term
   Disability Plan Funding Review - Agenda Item IIA

Staff presented the report on the Plan's current
funding deficiency. The report offered two options
which required increases in employee contributions
and a subsidy from the Company.

The Committee reviewed the costs of these options
to the Company and their impact on benefit payments
and plan participants. There was some discussion
as to the appropriateness of rating employee
contributions by age, industry or type of work,
e.g., blue collar and white collar jobs. It was
agreed that as an interim measure, employee
contribution rates should be increased by twenty
percent effective July 1, 1990. The Committee
endorsed a recommendation for Management approval
that the Company contribute sufficient funds to the
Plan in FY'91 to avoid the cashflow problem

The results of MMI's analysis were reviewed with the Committee. The Center is expected to run an operating loss initially and perhaps in subsequent years. However MMI believes that this loss will be offset by a reduction in turnover costs and possibly by a reduction in the duration of Short-Term disability claims arising from pregnancy.

The Committee discussed the proposed policies to minimize risk and directed MMI to review further whether separate liability coverage for the center was appropriate.

The Committee then endorsed the proposal and directed staff to prepare the necessary Plan amendments for adoption by the Company.

2.  <u>PSIP Participation Report</u>

Staff reported on the increase in participation resulting from the introduction of the 1989 ESOP and the subsequent membership drive. Enrollment by operating group is included as Attachment A to these minutes. Participation increased from 68% in November 1989 to 82% as of March 1, 1990.

The Committee requested that Staff report PSIP participation by distribution center for Drug operations and by business unit for Service Merchandising operations. This has since been done.

3.  <u>McKesson Corporation Employees' Long-Term Disability Plan Funding Review - Agenda Item IIA</u>

Staff presented the report on the Plan's current funding deficiency. The report offered two options which required increases in employee contributions and a subsidy from the Company.

The Committee reviewed the costs of these options to the Company and their impact on benefit payments and plan participants. There was some discussion as to the appropriateness of rating employee contributions by age, industry or type of work, e.g., blue collar and white collar jobs. It was agreed that as an interim measure, employee contribution rates should be increased by twenty percent effective July 1, 1990. The Committee endorsed a recommendation for Management approval that the Company contribute sufficient funds to the Plan in FY'91 to avoid the cashflow problem

**Minutes of the Meeting
of the McKesson Corporation
Employee Benefits Committee**

Page 042

**March 16, 1990**

A meeting of the Employee Benefits Committee was held at the
Company's offices on March 16, 1990.  The meeting convened
at 9:00 a.m.  Present from the Committee were Garret A.
Scholz, Chairman, Ronald C. Anderson, James I. Johnston,
Ivan D. Meyerson and Douglas E. Nelson.  Committee member
Joseph E. Polastri joined the meeting at 9:25 a.m.

Present from the staff were Christopher R. Maher, Michael
Nabors and Caroline Weir.  Present from the firm of TPF&C
was Martin E. Miller, FSA, who provided consulting services
in connection with Agenda Items IIA and IIB.

Mr. Nabors left the meeting after discussion of Agenda Item
IID.  Mr. Miller left the meeting after discussion of Agenda
Item IIB.  Mr. Johnston left the meeting after discussion of
Agenda Item IIF.

I.  **Approval of Minutes**

    The minutes of the meeting held on August 2, 1989 were
    approved.

II.  **New Business**

    1.  **MMI Child Development Center Proposal – Agenda Item
        IID.**

        Mike Nabors, Sr. Vice President, Human Resources
        Development at Mass Merchandising, Inc. (MMI)
        presented the MMI Child Development Center proposal
        to the Committee.  This proposal calls for the
        purchase of an existing day care center in
        Harrison, Arkansas by MMI and its subsequent
        operation by MMI for the children of local MMI
        employees.  It was recommended that MMI subsidize
        employee fees in accordance with attachment H of
        the proposal.  This required amendment of MMI's
        Flexible Benefits Plan which provides for dependent
        care through salary reduction.  Mr. Nabors reported
        that employee demographics at MMI Harrison
        suggested the need for day care assistance and that
        several employee surveys had confirmed this need.

PLAN-0159

December 18, 1989

there should be additional communication to employees of the value of the entire benefits package, and the Company cost for the package. Staff were directed to provide annual employee benefits statements to achieve this objective.

III. **New Business**

A.   **Maintenance of Effort**

Staff reported on the provisions of the Medicare Catastrophic Act which requires employers to rebate to plan participants the value of benefits duplicated by Medicare improvements. After consideration of the options, the Committee approved staff's recommendation to rebate in cash the lesser of the HCFA calculated actuarial value or the actuarial value determined for the McKesson plan.

B.   **Amendment to McKesson Corporation Employees' Long-Term Disability Plan**

In light of a recent court decision, <u>Firestone v. Bruch</u>, staff proposed clarification in the Plan Document of the discretionary powers of the Plan Administrator.  The Committee agreed and amended the Plan with the following resolution:

RESOLVED that, effective August 2, 1989, Article 8, Section 8.1 of the McKesson Corporation Employees' Long-Term Disability Plan as restated effective January 1, 1985, (the "Plan") and Article 8 of the Plan as amended by the Employee Benefits Committee Resolution of March 27, 1983, be and hereby are amended to read in full:

(1)   <u>Responsibilities of the Committee</u>.
The Plan Administrator is the Committee and shall have the responsibility for the general administration of the Plan and the responsibility for carrying out the provisions hereof and shall be the "administrator" of the Plan within the meaning of ERISA.  The Plan Administrator is charged with the responsibility for compliance with the ERISA reporting and disclosure requirements.  The Plan Administrator shall have the exclusive rights

December 18, 1989

to interpret the terms and provisions of the
Plan and to determine any and all questions
arising thereunder or in connection with the
administration thereof, including, without
limitation, the right to remedy possible
ambiguities, inconsistencies, or omissions,
and in doing so, it will endeavor to act in
such a way, by general rule or particular
decision, as not to discriminate in favor of
any class of Employees or Participants. The
Plan Administrator shall have such powers and
perform such duties as are necessary for the
proper operation of the Plan. This shall
include, from time to time, designating
representatives who shall carry out the
delegated responsibilities on behalf of the
Plan Administrator. Contemplated designees
include, but are not limited to a Claims
Administrator. All such designees shall
serve at the pleasure of the Plan
Administrator and, if employees, shall serve
without compensation. All interpretations,
determinations and decisions of the Plan
Administrator in respect of any matter or
question hereunder shall be final, conclusive
and binding upon all persons, including, but
not by way of limitation, all Participants,
Employees, and any others having or claiming
to have any interest in or under the Plan.

C.  **Inclusion of Zee Medical Corpus Christi Regional
     Sales Center Employees in McKesson Benefit Plans**

The Committee designated Zee's Corpus Christi
Regional Sales Center employees eligible for
participation in McKesson benefit plans with the
following resolution:

RESOLVED, that the employees of Zee Medical's
Corpus Christi Regional Sales Center who became
employees of the McKesson Corporation as a result
of the acquisition of the former distributorship
by McKesson (the "Acquisition") on April 1, 1988,
shall be eligible to participate in the Short and
Long Term Disability plans as of August 1, 1989.
For the Short Term Disability Plan, service prior
to August 1, 1989 will count towards the required
waiting period of said plan. Benefit levels
associated with length of service will be based on

December 18, 1989

to interpret the terms and provisions of the Plan and to determine any and all questions arising thereunder or in connection with the administration thereof, including, without limitation, the right to remedy possible ambiguities, inconsistencies, or omissions, and in doing so, it will endeavor to act in such a way, by general rule or particular decision, as not to discriminate in favor of any class of Employees or Participants. The Plan Administrator shall have such powers and perform such duties as are necessary for the proper operation of the Plan. This shall include, from time to time, designating representatives who shall carry out the delegated responsibilities on behalf of the Plan Administrator. Contemplated designees include, but are not limited to a Claims Administrator. All such designees shall serve at the pleasure of the Plan Administrator and, if employees, shall serve without compensation. All interpretations, determinations and decisions of the Plan Administrator in respect of any matter or question hereunder shall be final, conclusive and binding upon all persons, including, but not by way of limitation, all Participants, Employees, and any others having or claiming to have any interest in or under the Plan.

C.  **Inclusion of Zee Medical Corpus Christi Regional Sales Center Employees in McKesson Benefit Plans**

The Committee designated Zee's Corpus Christi Regional Sales Center employees eligible for participation in McKesson benefit plans with the following resolution:

RESOLVED, that the employees of Zee Medical's Corpus Christi Regional Sales Center who became employees of the McKesson Corporation as a result of the acquisition of the former distributorship by McKesson (the "Acquisition") on April 1, 1988, shall be eligible to participate in the Short and Long Term Disability plans as of August 1, 1989. For the Short Term Disability Plan, service prior to August 1, 1989 will count towards the required waiting period of said plan. Benefit levels associated with length of service will be based on

EBC\Min_0802.EBC

4

December 18, 1989

there should be additional communication to
employees of the value of the entire benefits
package, and the Company cost for the package.
Staff were directed to provide annual employee
benefits statements to achieve this objective.

III. **New Business**

A. **Maintenance of Effort**

Staff reported on the provisions of the Medicare
Catastrophic Act which requires employers to
rebate to plan participants the value of benefits
duplicated by Medicare improvements. After
consideration of the options, the Committee
approved staff's recommendation to rebate in cash
the lesser of the HCFA calculated actuarial value
or the actuarial value determined for the McKesson
plan.

B. **Amendment to McKesson Corporation Employees' Long-
Term Disability Plan**

In light of a recent court decision, <u>Firestone v.
Bruch</u>, staff proposed clarification in the Plan
Document of the discretionary powers of the Plan
Administrator. The Committee agreed and amended
the Plan with the following resolution:

RESOLVED that, effective August 2, 1989, Article
8, Section 8.1 of the McKesson Corporation
Employees' Long-Term Disability Plan as restated
effective January 1, 1985, (the "Plan") and
Article 8 of the Plan as amended by the Employee
Benefits Committee Resolution of March 27, 1983,
be and hereby are amended to read in full:

(1) <u>Responsibilities of the Committee</u>.
The Plan Administrator is the Committee and
shall have the responsibility for the general
administration of the Plan and the
responsibility for carrying out the
provisions hereof and shall be the
"administrator" of the Plan within the
meaning of ERISA. The Plan Administrator is
charged with the responsibility for
compliance with the ERISA reporting and
disclosure requirements. The Plan
Administrator shall have the exclusive rights

**PLAN-0163**

December 18, 1989

**MINUTES OF THE MEETING
OF THE McKESSON CORPORATION
EMPLOYEE BENEFITS COMMITTEE**

*See Page 3*

**August 2, 1989**

A meeting of the Employee Benefits Committee was held at the Company's offices on August 2, 1989. The meeting convened at 9:40 a.m. Present from the Committee were Alan J. Seelenfreund, Chairman, Rex R. Malson, Kenneth C. Hicken, Ronald C. Anderson, Ivan D. Meyerson, and Douglas E. Nelson. Present from the staff were Christopher R. Maher and Caroline Weir. Committee member James I. Johnston joined the meeting at 10:00 a.m.

I. **Approval of Minutes**

The minutes of the meetings held on the following dates were approved: March 7 and 8, 1989; March 30, 1989; May 18, 1989; and June 23, 1989.

II. **Old Business**

A. **FY'90 Health Care Cost Update**

Staff presented an interim review of FY'90 projected costs, based on trend in the 12 months ended May of 1989. From this review, it appears no revision is required to the projection of $47.3 million in FY'90 Company costs. The Committee directed staff to update reports on the components of health care increases, including price and utilization and to report specifically on prescription trends and utilization of generics.

B. **1990 Health Care Changes - Finalization**

The Committee reviewed the proposed coverage changes agreed to at the meeting of May 18, 1989. At that meeting, the Committee had directed staff to recalculate savings from employee contributions if MMI rates were set below other employees' rates. Staff presented two options. A discussion ensued concerning the equity of providing lower employee contribution rates for MMI employees. The Committee concluded that uniform contribution rates were more equitable and agreed to recommend the rates set out in Attachment A.

EBC\Min_0802.EBC

**PLAN-0164**

December 18, 1989

The possibility of applying major-medical style
deductibles and copays to the PCS drug program was
discussed.  Application of this change was
deferred to a later period.  The Committee
referred for management action staff's
recommendation to increase from $3 to $5 the
current PCS copay applicable to active and retired
employees enrolled in the current McKesson A and
PPO plans.

The Committee endorsed staff's recommendation to
delete the second surgical opinion program from
the current McKesson A, McKesson C, and PPO plans.

Arising from the discussion on the administrative
complexities of installing major-medical style
copays and deductibles under the PCS program, the
Committee directed staff to review the feasibility
of collecting dependent data for health plan
participants and conduct a claims audit of the
Plan Claims Administrator.

Subsequent to the meeting, the Committee's
recommendation for all health plan changes
proposed by the Staff, effective January 1, 1990,
was submitted to, and approved by Neil Harlan,
Chairman, President, and CEO.  This approval is
appended as Attachment A.

C.    **Dental Maintenance Organization**

The Committee endorsed staff's recommendation to
offer active employees and future retirees the
CIGNA dental plan as an alternative to the
McKesson dental program, effective January 1,
1990.  First-year savings were projected at
$214,000 assuming a 30% transfer to the CIGNA
plan.

D.    **Flexible Benefits Update**

Staff presented a summary of previously discussed
objectives and benefits deriving from a Flexible
Benefits program, together with installation cost
estimates from several consultants.

After discussion, the Committee decided not to
recommend adoption of flexible benefits at
McKesson.  However, the Committee agreed that

December 18, 1989

The possibility of applying major-medical style deductibles and copays to the PCS drug program was discussed. Application of this change was deferred to a later period. The Committee referred for management action staff's recommendation to increase from $3 to $5 the current PCS copay applicable to active and retired employees enrolled in the current McKesson A and PPO plans.

The Committee endorsed staff's recommendation to delete the second surgical opinion program from the current McKesson A, McKesson C, and PPO plans.

Arising from the discussion on the administrative complexities of installing major-medical style copays and deductibles under the PCS program, the Committee directed staff to review the feasibility of collecting dependent data for health plan participants and conduct a claims audit of the Plan Claims Administrator.

Subsequent to the meeting, the Committee's recommendation for all health plan changes proposed by the Staff, effective January 1, 1990, was submitted to, and approved by Neil Harlan, Chairman, President, and CEO. This approval is appended as Attachment A.

C.    **Dental Maintenance Organization**

The Committee endorsed staff's recommendation to offer active employees and future retirees the CIGNA dental plan as an alternative to the McKesson dental program, effective January 1, 1990. First-year savings were projected at $214,000 assuming a 30% transfer to the CIGNA plan.

D.    **Flexible Benefits Update**

Staff presented a summary of previously discussed objectives and benefits deriving from a Flexible Benefits program, together with installation cost estimates from several consultants.

After discussion, the Committee decided not to recommend adoption of flexible benefits at McKesson. However, the Committee agreed that

December 18, 1989

## MINUTES OF THE MEETING
## OF THE McKESSON CORPORATION
## EMPLOYEE BENEFITS COMMITTEE

*See Page 3*

### August 2, 1989

A meeting of the Employee Benefits Committee was held at the Company's offices on August 2, 1989.  The meeting convened at 9:40 a.m.  Present from the Committee were Alan J. Seelenfreund, Chairman, Rex R. Malson, Kenneth C. Hicken, Ronald C. Anderson, Ivan D. Meyerson, and Douglas E. Nelson.  Present from the staff were Christopher R. Maher and Caroline Weir.  Committee member James I. Johnston joined the meeting at 10:00 a.m.

I.   **Approval of Minutes**

The minutes of the meetings held on the following dates were approved:  March 7 and 8, 1989; March 30, 1989; May 18, 1989; and June 23, 1989.

II.   **Old Business**

A.   **FY'90 Health Care Cost Update**

Staff presented an interim review of FY'90 projected costs, based on trend in the 12 months ended May of 1989.  From this review, it appears no revision is required to the projection of $47.3 million in FY'90 Company costs.  The Committee directed staff to update reports on the components of health care increases, including price and utilization and to report specifically on prescription trends and utilization of generics.

B.   **1990 Health Care Changes – Finalization**

The Committee reviewed the proposed coverage changes agreed to at the meeting of May 18, 1989. At that meeting, the Committee had directed staff to recalculate savings from employee contributions if MMI rates were set below other employees' rates.  Staff presented two options.  A discussion ensued concerning the equity of providing lower employee contribution rates for MMI employees. The Committee concluded that uniform contribution rates were more equitable and agreed to recommend the rates set out in Attachment A.

**PLAN-0167**

AMENDMENT TO THE MCKESSON CORPORATION
EMPLOYEES' LONG TERM DISABILITY BENEFIT PLAN

McKesson Corporation, a Maryland corporation

("Maryland"), having established the McKesson Corporation

Employees' Long Term Benefit Disability Plan (the "Plan"),

effective as of December 1, 1976, and having restated the Plan

effective January 1, 1985 and having amended the Plan from

time to time thereafter, hereby further amends the Plan,

effective as of July 31, 1987, to substitute for itself

McKesson Corporation, a Delaware corporation ("Delaware"), and

Delaware accepts and approves such substitution, as follows:

1.    Section 1.1 is amended by adding the words "a

Delaware corporation" after the words "McKesson Corporation"

in each place those words occur.

The Amendment to this Plan executed December 29,

1987 inadvertently amended the December 1, 1976 statement of

the Plan and is hereby rescinded, effective July 31, 1987 and

this Amendment is substituted therefor.

IN WITNESS WHEREOF, Delaware and Maryland, by their

respective duly authorized officers, have executed this

Amendment on the date indicated below:

MCKESSON CORPORATION, a Delaware
corporation

**PLAN-0168**

Date: 10/28/88          By: _____

                        Title: _____


MCKESSON CORPORATION, a Maryland
corporation

Date: 10/28/88          By: _____

                        Title: VICE PRESIDENT

MINUTES OF THE McKESSON CORPORATION
EMPLOYEE BENEFITS COMMITTEE MEETING

July 27, 1988

A meeting of the Employee Benefits Committee was held at the Company's
offices on July 27, 1988. Present from the Committee were Alan J.
Seelenfreund, Chairman, Rex R. Malson, Donald B. Dahlin, Kenneth C.
Hicken, James I. Johnston, Ronald C. Anderson, Ivan D. Meyerson, and
Joseph L. Garde. Present from the staff were Garret A. Scholz,
Thomas B. Simone, Christopher R. Maher and Caroline Weir. Martin A.
Miller from the consulting firm of TPF&C was also present.

I.    Changes in Committee Membership

      The Chairman announced the appointment to the Committee of
      Ivan D. Meyerson, Vice President, General Counsel, and
      Douglas E. Nelson, President of the Water Division. The
      retirement from the Committee of Joseph L. Garde was also
      announced, and the Chairman thanked Mr. Garde for his past
      contribution to the Committee.

II.   The minutes of the meeting of the Committee held on June 22,
      1988 were approved.

III.  Old Business

      A.  Proposal to Fund Deficiency in McKesson Coporation
          Employees' Long-Term Disability Plan.

          Staff outlined the options to restore the LTD plan to
          adequate funding. These include raising employee
          contributions, reducing benefits, making an employer
          contribution or loan, or some combination of these
          alternatives.

          Committee members then reviewed each of these options in
          detail, referring to the financial projections previously
          prepared by TPF&C and staff.

          The options of a Company contribution or loan were
          examined in light of their impact on the Corporation's
          cash flow and the negative tax impact on current and
          future plan beneficiaries. The Committee also considered
          that these options were inconsistent with the intent that
          voluntary LTD coverage remain a wholly employee-paid
          plan.

MINUTES OF THE McKESSON CORPORATION
EMPLOYEE BENEFITS COMMITTEE MEETING
July 27, 1988

After rejecting these two options, the Committee
considered the various rate alternatives and assumptions
made in the financial projections presented, and approved
the adoption of a rate increase effective January 1,
1989. The approved monthly rate effective that date will
be $.75 per $100 of covered salary for salary up to $2500
per month, and $1.10 per $100 for salary above $2500.

There was general agreement that a reduction in the
duration of benefits was appropriate, aside from any
funding requirements. Based on the previously reported
claims experience, the Committee approved the reduction
from 24 months to 18 months for benefits payable for the
period during which a claimant is disabled for his own
occupation. This change will apply to claimants whose
disability begins on or after January 1, 1989.

The Committee's action was incorporated in the following
resolution:

RESOLVED, that effective January 1, 1989 for a Disability
commencing after that date, Sections 1.3 and 4.4C of the
McKesson Corporation Employees' Long Term Disability Plan
are amended by changing "thirty (30)" in Section 1.3 to
"twenty-four (24)" and "twenty-four (24)" in Section 4.4C
to "eighteen (18)".

RESOLVED, further, that effective January 1, 1989, the
monthly employee contribution rate for coverage under the
McKesson Corporation Employees' Long Term Disability Plan
shall be:

a)  for covered pay up to and including $2500 per month:
    $0.75 per $100 of covered pay; and

b)  for covered pay above $2500 per month:  $1.10 per
    $100 of covered pay.

IV.  **New Business**

A.  Since the meeting of July 27, 1988, the Committee has
    taken the actions indicated below following circulation
    of written benefit plan appeals.

MINUTES OF THE McKESSON CORPORATION
EMPLOYEE BENEFITS COMMITTEE MEETING
July 27, 1988                                                Page 2

After rejecting these two options, the Committee
considered the various rate alternatives and assumptions
made in the financial projections presented, and approved
the adoption of a rate increase effective January 1,
1989.  The approved monthly rate effective that date will
be $.75 per $100 of covered salary for salary up to $2500
per month, and $1.10 per $100 for salary above $2500.

There was general agreement that a reduction in the
duration of benefits was appropriate, aside from any
funding requirements.  Based on the previously reported
claims experience, the Committee approved the reduction
from 24 months to 18 months for benefits payable for the
period during which a claimant is disabled for his own
occupation.  This change will apply to claimants whose
disability begins on or after January 1, 1989.

The Committee's action was incorporated in the following
resolution:

RESOLVED, that effective January 1, 1989 for a Disability
commencing after that date, Sections 1.3 and 4.4C of the
McKesson Corporation Employees' Long Term Disability Plan
are amended by changing "thirty (30)" in Section 1.3 to
"twenty-four (24)" and "twenty-four (24)" in Section 4.4C
to "eighteen (18)".

RESOLVED, further, that effective January 1, 1989, the
monthly employee contribution rate for coverage under the
McKesson Corporation Employees' Long Term Disability Plan
shall be:

a)  for covered pay up to and including $2500 per month:
    $0.75 per $100 of covered pay; and

b)  for covered pay above $2500 per month:  $1.10 per
    $100 of covered pay.

IV.   New Business

A.  Since the meeting of July 27, 1988, the Committee has
    taken the actions indicated below following circulation
    of written benefit plan appeals.

### MINUTES OF THE McKESSON CORPORATION
### EMPLOYEE BENEFITS COMMITTEE MEETING

## July 27, 1988

A meeting of the Employee Benefits Committee was held at the Company's offices on July 27, 1988. Present from the Committee were Alan J. Seelenfreund, Chairman, Rex R. Malson, Donald B. Dahlin, Kenneth C. Hicken, James I. Johnston, Ronald C. Anderson, Ivan D. Meyerson, and Joseph L. Garde. Present from the staff were Garret A. Scholz, Thomas B. Simone, Christopher R. Maher and Caroline Weir. Martin A. Miller from the consulting firm of TPF&C was also present.

I.    **Changes in Committee Membership**

The Chairman announced the appointment to the Committee of Ivan D. Meyerson, Vice President, General Counsel, and Douglas E. Nelson, President of the Water Division. The retirement from the Committee of Joseph L. Garde was also announced, and the Chairman thanked Mr. Garde for his past contribution to the Committee.

II.   **The minutes of the meeting of the Committee held on June 22, 1988 were approved.**

III.  **Old Business**

A.  Proposal to Fund Deficiency in McKesson Coporation Employees' Long-Term Disability Plan.

Staff outlined the options to restore the LTD plan to adequate funding. These include raising employee contributions, reducing benefits, making an employer contribution or loan, or some combination of these alternatives.

Committee members then reviewed each of these options in detail, referring to the financial projections previously prepared by TPF&C and staff.

The options of a Company contribution or loan were examined in light of their impact on the Corporation's cash flow and the negative tax impact on current and future plan beneficiaries. The Committee also considered that these options were inconsistent with the intent that voluntary LTD coverage remain a wholly employee-paid plan.

PLAN-0172

MINUTES OF THE McKESSON CORPORATION
EMPLOYEE BENEFITS COMMITTEE MEETING                      Page 9
June 22, 1988

Enactment of this legislation was projected to add 20% to
the Company's current health care expense.  There was
general discussion of the need to offset these additional
costs with other benefit reductions.

M.  McKesson Corporation Employees' Long-Term Disability Plan
Mohawk and ADEA Amendments

Staff recommended three amendments to the LTD plan.  The
first reflected the change from Company-paid to
Employee-paid contributions for Mohawk employees.  The
second conformed the Plan to changes in the requirements
of the Age Discrimination in Employment Act.  The third
allowed employees to assign LTD benefits to reimburse the
Company for advances made in lieu of disability benefits.

The Committee approved all of these amendments with the
following resolutions:

RESOLVED, that effective July 1, 1987, Section 7.2
of the McKesson Corporation Employees' Long-Term
Disability Plan Document is deleted in its entirety;
and,

RESOLVED FURTHER, that effective January 1, 1987,
Section 1.4 of the McKesson Corporation Employees'
Long-Term Disability Plan document is amended to
read as follows:

'"Employee" shall mean a person who is a
regular, United States employee of the Company,
whose customary work week is not less than the
usual full-time work schedule of the unit in
which he or she is employed, and who is not
covered by a collectively bargained Health and
Welfare Plan.'; and,

RESOLVED FURTHER, subparagraph F) of the second
paragraph of Section 4.4 of the McKesson Corporation
Employees' Long Term Disability Plan Document is
amended to read as follows:

PLAN-0173

| Age of Disability | Duration of Benefits |
|---|---|
| 61 and younger | Through the month during which age 65 is attained |
| 62 | 3 years, 6 months |
| 63 | 3 years |
| 64 | 2 years, 6 months |
| 65 | 2 years |
| 66 | 1 year, 9 months |
| 67 | 1 year, 6 months |
| 68 | 1 year, 3 months |
| 69 and older | 1 year |

and,

RESOLVED FURTHER, that effective May 1, 1988 the McKesson Corporation Employees' Long-Term Disability Plan Document is amended by the addition of this paragraph to Section 5.6:

Regardless of the non-alienation provisions of the previous paragraphs, Participant shall have the power to authorize Plan to withhold from benefits payable to Participant and pay directly to Company any amounts the Company advances to Participant pending Participant's receipt of his or her first payment of Plan benefits. The authorization shall be in a form approved by the Plan Administrator.

N.  McKesson Corporation Health Plan FY'89 Company Costs

Staff reported on claims experience in the first 4 months of 1988 and on the impact of adverse selection on FY'89 Company Costs.

Claims Experience
Claims experience through April 1988 has been inflated by an extraordinary number of large claims. Excluding large claims, initial 1988 experience appears to validate the trend factors used in projecting FY'89 costs. The significantly higher costs of Water employees was noted, as was the high rate of increase in the Southern California PPO.

PLAN-0174

MINUTES OF THE McKESSON CORPORATION
EMPLOYEE BENEFITS COMMITTEE MEETING
June 22, 1988

| Age of Disability | Duration of Benefits |
|---|---|
| 61 and younger | Through the month during which age 65 is attained |
| 62 | 3 years, 6 months |
| 63 | 3 years |
| 64 | 2 years, 6 months |
| 65 | 2 years |
| 66 | 1 year, 9 months |
| 67 | 1 year, 6 months |
| 68 | 1 year, 3 months |
| 69 and older | 1 year |

and,

RESOLVED FURTHER, that effective May 1, 1988 the
McKesson Corporation Employees' Long-Term Disability
Plan Document is amended by the addition of this
paragraph to Section 5.6:

Regardless of the non-alienation provisions of
the previous paragraphs, Participant shall have
the power to authorize Plan to withhold from
benefits payable to Participant and pay directly
to Company any amounts the Company advances to
Participant pending Participant's receipt of his
or her first payment of Plan benefits. The
authorization shall be in a form approved by the
Plan Administrator.

N.  McKesson Corporation Health Plan FY'89 Company Costs

Staff reported on claims experience in the first 4 months
of 1988 and on the impact of adverse selection on FY'89
Company Costs.

Claims Experience
Claims experience through April 1988 has been inflated by
an extraordinary number of large claims. Excluding large
claims, initial 1988 experience appears to validate the
trend factors used in projecting FY'89 costs. The
significantly higher costs of Water employees was noted,
as was the high rate of increase in the Southern
California PPO.

MINUTES OF THE McKESSON CORPORATION                 Page 9
EMPLOYEE BENEFITS COMMITTEE MEETING
June 22, 1988

Enactment of this legislation was projected to add 20% to the Company's current health care expense. There was general discussion of the need to offset these additional costs with other benefit reductions.

M.   McKesson Corporation Employees' Long-Term Disability Plan Mohawk and ADEA Amendments

Staff recommended three amendments to the LTD plan. The first reflected the change from Company-paid to Employee-paid contributions for Mohawk employees. The second conformed the Plan to changes in the requirements of the Age Discrimination in Employment Act. The third allowed employees to assign LTD benefits to reimburse the Company for advances made in lieu of disability benefits.

The Committee approved all of these amendments with the following resolutions:

RESOLVED, that effective July 1, 1987, Section 7.2 of the McKesson Corporation Employees' Long-Term Disability Plan Document is deleted in its entirety; and,

RESOLVED FURTHER, that effective January 1, 1987, Section 1.4 of the McKesson Corporation Employees' Long-Term Disability Plan document is amended to read as follows:

'"Employee" shall mean a person who is a regular, United States employee of the Company, whose customary work week is not less than the usual full-time work schedule of the unit in which he or she is employed, and who is not covered by a collectively bargained Health and Welfare Plan.'; and,

RESOLVED FURTHER, subparagraph F) of the second paragraph of Section 4.4 of the McKesson Corporation Employees' Long Term Disability Plan Document is amended to read as follows:

MINUTES OF THE McKESSON CORPORATION
EMPLOYEE BENEFITS COMMITTEE MEETING

June 22, 1988

A meeting of the Employee Benefits Committee was held at the
Company's offices on June 22, 1988. Present from the Committee were
Alan J. Seelenfreund, Chairman, Rex R. Malson, Donald B. Dahlin,
James I. Johnston, Ronald C. Anderson, and Joseph L. Garde. Present
from the staff were Ivan Meyerson, Christopher Maher and
Caroline Weir. Present for the latter part of the meeting from
staff was Terry Finney. Present for the discussion of the long-term
disability plan was Robert Blum of Orrick, Herrington, & Sutcliffe.

I.    The minutes of the meeting of the Committee held on
      April 14, 1988 were approved after correction of the
      following points:

         The meeting date is corrected from April 13, 1988 to
         April 14, 1988;

         The implementation date for cost sharing in the
         health plan, referenced in section IIB of the
         minutes, is corrected from January 1, 1988 to
         January 1, 1989; and,

         The ESOP diversification rules referenced in
         section IID of the minutes were reported to apply to
         participants who are age 55 and have 10 or more
         years of 'service'. The word 'participation' is
         substituted for 'service'.

II.   Old Business

      A.    Proposal to Fund Deficiency in McKesson Corporation
            Employees' Long-Term Disability Plan.

            Staff outlined the options to restore the LTD plan
            to adequate funding. These include raising employee
            contributions, reducing benefits, making an employer
            contribution, or some combination of these
            alteratives.

            A lengthy discussion of these options then ensued,
            including review of the impact on plan enrollment of
            implementing each option, the tax affect on
            participants and the accounting and cash flow affect
            on the Company.

The Committee was uncomfortable with the magnitude
of the proposed 3.7 million dollar company
contribution and asked the staff to further review
the Committee's options with the objective of
minimizing the affect on both the Company and the
employees.

B.  **Proposal to Grant Creditable Service Under the Retirement
Plan to Visitacion Associates' Employees That Are Rehired
By McKesson Corporation**

The Committee approved the following resolution after
discussion:

RESOLVED, that Section 3.  "Vesting and Breaks in
Service" is amended by adding the following
subsection at the end thereof:

"(4)  Special Rule for Certain Employees of
Visitacion Associates.  If a Participant was
employed by McKesson Corporation ("McKesson"),
thereafter immediately became employed by
Visitacion Associates (a joint venture in which
McKesson participated), and thereafter
immediately became employed by McKesson, his
service with Visitacion Associates shall be
treated as service with McKesson for all
purposes under this Plan."

III.  New Business

Before proceeding to agenda items, the Committee discussed the
need for a review of the entire employee benefit package in
light of the changing nature of the Company's business.  It
was agreed that staff would undertake a study.

A.  **Proposal to Change the Vesting Requirements in the
McKesson Corporation Retirement Plan**

The Tax Reform Act of 1986 requires the substitution of
5-year cliff vesting or 7-year graded vesting for the
current 10-year vesting schedule.  Staff proposed the
adoption of 5-year cliff vesting in conjunction with the
elapsed time method of counting service.  The Committee
approved this proposal with the following resolutions:

projected for that year. The expected Company
contributions for FY'91 totals approximately
$800,000, including administrative expenses paid by
the Company outside the Plan.

The Committee directed staff to produce further
proposals for review. These proposals will include
age-rated contribution rates and the possibility of
linking participation in the LTD plan to
participation in the health plan. These proposals
and proposals for future rate increases will be
produced after the implementation of the July 1
increase in employee contributions so that the
effect of that rate increase on participation can
be taken into account.

4.  <u>Review of Employee Health Care Costs - Agenda Item
    IIC</u>

The Committee reviewed staff's report on FY'90 and
projected FY'91 Company costs for employee health
care. FY'90 costs were expected to be under-budget
by approximately $4.5 million, largely due to a
reduction in trend and a reduction in large claims.
FY'91 costs are expected to be $47.6 million, a 14%
increase over FY'90 costs.

The Committee discussed staff's report on the
savings on prescription drug costs which would
result from the implementation of PCS's MAC
program. It was decided that this program should
not be introduced as it could adversely affect the
Company's relations with suppliers.

5.  <u>Retiree Health Care - Additional Grandfathering for
    Future Retirees - Agenda Item IIB</u>

The Committee reviewed staff's report on various
options to modify the 1991 plan for retire health
coverage. This report had been prepared at the
Management's direction following reports that older
employees were dissatisfied with the 1991 plan.

The Committee discarded each of the options
presented which would have continued post-
retirement health coverage on a defined benefit
basis. Discussion focussed on the report's Option
Four, which provided access to retiree health
coverage after age 65 but defined the Company's
contribution to the cost of coverage as a fixed
dollar amount.

**PLAN-0179**

ACTION BY UNANIMOUS WRITTEN CONSENT OF THE
EMPLOYEE BENEFITS COMMITTEE OF THE
BOARD OF DIRECTORS
OF
McKESSON CORPORATION

The undersigned, constituting all of the members of the Employee Benefits Committee of the Board of Directors of McKesson Corporation, a Delaware corporation, acting without the formality of convening a meeting pursuant to Section 141(f) of the Delaware General Corporation Law and Article III, Section 10 of the By-Laws of the Corporation, do hereby consent to and adopt the following resolutions:

RESOLVED, that, effective May 30, 1990, appeals from health and disability benefit decisions be, and they hereby are, delegated to the Director of Compensation and Benefits, as authorized by Section 33.2 C of the McKesson Corporation Health Plan, Sections 1.2 and 8.1 of the McKesson Corporation Employees' Long Term Disability Benefit Plan, and the general claims procedures provisions of the McKesson Corporation Short Term Disability Plan; and

RESOLVED, FURTHER, that the Director of Compensation and Benefits must, for informational purposes, review each benefits decision determined by him with the Committee member from the claimant's operating group before communicating the decision to the claimant.

## AMENDMENT TO THE MCKESSON CORPORATION
## EMPLOYEES' LONG TERM DISABILITY PLAN

McKesson Corporation, a Maryland corporation

("Maryland"), having established the McKesson Corporation

Employees' Long Term Disability Plan, effective as of

December 1, 1976, and having amended the Plan from time to

time thereafter, hereby further amends the Plan, effective as

of July 31, 1987, to substitute for itself McKesson

Corporation, a Delaware corporation ("Delaware"), and Delaware

accepts and approves such substitution, as follows:

     1.   The second sentence of Section 1 is amended by

deleting the words "Foremost-McKesson, Inc." and substituting

therefor the words "McKesson Corporation, a Delaware

corporation."

     2.   Section 6(b)(4) is amended by deleting the

words, "Foremost-McKesson, Inc." and substituting therefor the

words "McKesson Corporation."

     IN WITNESS WHEREOF, Delaware and Maryland, by their

respective duly authorized officers, have executed this

Amendment on the date indicated below:

**PLAN-0181**

                          MCKESSON CORPORATION, a Delaware
                             corporation

Date:   December 29, 1987    By:                   
                              Title:  Vice President

                          MCKESSON CORPORATION, a Maryland
                             corporation

Date:   December 29, 1987    By:                   
                              Title: Executive Vice President

MINUTES OF THE McKESSON CORPORATION
EMPLOYEE BENEFITS COMMITTEE MEETING

AUGUST 12, 1987

A meeting of the Employee Benefits Committee was held at the company's offices on August 12, 1987. Present from the committee were Alan Seelenfreund, Chairman, Rex R. Malson, Kenneth C. Hicken, Ronald C. Anderson, Joseph Garde, and James I. Johnston. Present from the staff were Ivan Meyerson, Chuck Woods, Garret Scholz, Ron Pohls, Bill Armstrong, Caroline Weir, and Chris Maher.

I.  **Old Business**

A.  Changes to the health plan were proposed to achieve a $5 million savings. Much discussion ensued regarding the corporation's interest in providing its employees with reasonable health insurance coverage while providing the shareholders with adequate return on their investment. Following the discussion of specific proposals, more alternatives were added for review. Following the meeting and after additional cost information was reviewed by individual committee members, a final recommendation was approved. The health plan changes approved by consensus of the committee in late August, 1987 were:

--The medical and dental plans would be offered separately.

--All employee contributions would be made on a pre-tax basis.

--A separate indemnity plan with lower benefits and higher deductibles, Plan C, would be offered as an alternative to Plan A and HMO's.

--Employee contributions would be:

|  | Employee | Employee & Spouse | Employee & Children | Family |
|---|---|---|---|---|
| Medical |  |  |  |  |
| Plan A | $8 | $16 | $16 | $32 |
| Plan C | 2 | 4 | 4 | 8 |
| HMO | 4 | 8 | 8 | 16 |
| Dental | 2 | 4 | 4 | 8 |

II.  **New Business**

A.  The Proposal to amend the Long Term Disability Plan to include deferred salary as covered basic salary was approved with the following resolution:

**PLAN-0182**

MINUTES OF THE McKESSON CORPORATION
EMPLOYEE BENEFITS COMMITTEE
AUGUST 12, 1988
Page 2

RESOLVED, that effective September 1, 1987, the McKesson Corporation Employees' Long-Term Disability Plan be amended to provide that the definition of Basic Salary is changed to also include any amounts of salary which the employee has elected to defer under the Corporation's Deferred Compensation Administration Plan.

RESOLVED, FURTHER, that the Vice President of Personnel is authorized to execute an amendment to the McKesson Corporation Employee's Long-Term Disability Plan to carry out the purpose of the preceding resolution.

B. The proposal to integrate McKesson ITD employees who work in California into the McKesson Corporation benefit plans was approved with the following resolution:

RESOLVED, that all McKesson Delaware employees shall be eligible to continue participation in the McKesson Corporation Health Plan as of August 1, 1987, in accordance with terms and conditions of that Plan. Their effective date of coverage for the pre-existing condition provision of the McKesson Corporation Health Plan will remain the same as their effective date prior to August 1, 1987; and

RESOLVED, FURTHER, that all McKesson Delaware employees shall be eligible to continue participation in the McKesson Corporation Long Term Disability Plan as of August 1, 1987, in accordance with the terms and conditions of that Plan. Their effective date of coverage for the pre-existing condition provision will remain the same as their effective date prior to August 1, 1987; and

RESOLVED, FURTHER, that all McKesson Delaware employees shall be eligible to continue participation in the McKesson Corporation Short Term Disability Plan as of August 1, 1987, in accordance with the terms and conditions of that Plan. Their prior service with McKesson Corporation will count towards the calculation of their maximum benefit; and

RESOLVED, FURTHER, that all McKesson Delaware employees shall be eligible to continue McKesson Corporation Employee and Dependent Life Insurance and Accidental Death and Dismemberment coverage as of August 1, 1987, in accordance with the terms and conditions of that Plan; and

MINUTES OF THE McKESSON CORPORATION
EMPLOYEE BENEFITS COMMITTEE
AUGUST 12, 1988
Page 2

RESOLVED, that effective September 1, 1987, the McKesson Corporation Employees' Long-Term Disability Plan be amended to provide that the definition of Basic Salary is changed to also include any amounts of salary which the employee has elected to defer under the Corporation's Deferred Compensation Administration Plan.

RESOLVED, FURTHER, that the Vice President of Personnel is authorized to execute an amendment to the McKesson Corporation Employee's Long-Term Disability Plan to carry out the purpose of the preceding resolution.

B.    The proposal to integrate McKesson ITD employees who work in California into the McKesson Corporation benefit plans was approved with the following resolution:

RESOLVED, that all McKesson Delaware employees shall be eligible to continue participation in the McKesson Corporation Health Plan as of August 1, 1987, in accordance with terms and conditions of that Plan. Their effective date of coverage for the pre-existing condition provision of the McKesson Corporation Health Plan will remain the same as their effective date prior to August 1, 1987; and

RESOLVED, FURTHER, that all McKesson Delaware employees shall be eligible to continue participation in the McKesson Corporation Long Term Disability Plan as of August 1, 1987, in accordance with the terms and conditions of that Plan. Their effective date of coverage for the pre-existing condition provision will remain the same as their effective date prior to August 1, 1987; and

RESOLVED, FURTHER, that all McKesson Delaware employees shall be eligible to continue participation in the McKesson Corporation Short Term Disability Plan as of August 1, 1987, in accordance with the terms and conditions of that Plan. Their prior service with McKesson Corporation will count towards the calculation of their maximum benefit; and

RESOLVED, FURTHER, that all McKesson Delaware employees shall be eligible to continue McKesson Corporation Employee and Dependent Life Insurance and Accidental Death and Dismemberment coverage as of August 1, 1987, in accordance with the terms and conditions of that Plan; and

MINUTES OF THE McKESSON CORPORATION
EMPLOYEE BENEFITS COMMITTEE MEETING

AUGUST 12, 1987

A meeting of the Employee Benefits Committee was held at the company's offices on August 12, 1987. Present from the committee were Alan Seelenfreund, Chairman, Rex R. Malson, Kenneth C. Hicken, Ronald C. Anderson, Joseph Garde, and James I. Johnston. Present from the staff were Ivan Meyerson, Chuck Woods, Garret Scholz, Ron Pohls, Bill Armstrong, Caroline Weir, and Chris Maher.

I.  **Old Business**

A.  Changes to the health plan were proposed to achieve a $5 million savings. Much discussion ensued regarding the corporation's interest in providing its employees with reasonable health insurance coverage while providing the shareholders with adequate return on their investment. Following the discussion of specific proposals, more alternatives were added for review. Following the meeting and after additional cost information was reviewed by individual committee members, a final recommendation was approved. The health plan changes approved by consensus of the committee in late August, 1987 were:

--The medical and dental plans would be offered separately.

--All employee contributions would be made on a pre-tax basis.

--A separate indemnity plan with lower benefits and higher deductibles, Plan C, would be offered as an alternative to Plan A and HMO's.

--Employee contributions would be:

|  | Employee | Employee & Spouse | Employee & Children | Family |
|---|---|---|---|---|
| Medical |  |  |  |  |
| Plan A | $8 | $16 | $16 | $32 |
| Plan C | 2 | 4 | 4 | 8 |
| HMO | 4 | 8 | 8 | 16 |
| Dental | 2 | 4 | 4 | 8 |

II.  **New Business**

A.  The Proposal to amend the Long Term Disability Plan to include deferred salary as covered basic salary was approved with the following resolution:

MINUTES OF THE McKESSON, INC.                          Page 8
EMPLOYEE BENEFITS COMMITTEE MEETING
January 24, 1985

B.   (Continued)

as defined in the McKesson Corporation Retirement Plan, or (b)
has at least 10 (ten) whole years of continuous employment with
McKesson Corporation.

RESOLVED, FURTHER, that the above definition of a "Retiree"
shall be used for purposes of determining eligibility for
post-retirement coverage under the McKesson Corporation Life
Insurance Plan.

C.   Dental Benefit Appeal of Mr. R. E. Locke.

The Committee adopted the following resolution, denying
Mr. Locke's request.

RESOLVED, that after thorough review by the Employee Benefits
Committee, Mr. Locke's appeal for reimbursement of his expenses
for an appliance and restorative therapy is denied as these
types of expenses are excluded from plan coverage.

D.   Dental/Medical appeal by W. Smeal, Jr.

The Committee denied additional benefits to Mr. Smeal under the
dental and medical provisions of the plans.  The Committee
adopted the following resolution regarding Mr. Smeal's case.

RESOLVED, that after thorough review by the Employee Benefits
Committee, Mr. Smeal's appeal for reimbursement of dental
expenses over and above those already considered and paid is
denied, as Mr. Smeal's mouth could have been satisfactorily
restored by using a less costly procedure, and as certain
procedures used, including precision or semi-precision
attachments, bite registrations (panographic tracings) and
occlusal adjustment (other than in conjunction with periodontal
surgery) are specifically excluded under the plan.

E.   Proposal to change LTD Claims Administrator

As a result of continuing difficulties with Prudential's
administration of the LTD Plan, the staff has selected a new
LTD Plan Administrator.  This new administrator is ADJUSTCO,
Inc. in Santa Clara.  The costs for administration of the plan
with ADJUSTCO are essentially the same as they were under
Prudential but will be much more effectively managed in the
opinion of staff.  The trustee, First Interstate Bank, requires
official designation of ADJUSTCO as the administrator of the
plan for their records as the trustee.



**PLAN-0186**

I-8

MINUTES OF THE McKESSON, INC.
EMPLOYEE BENEFITS COMMITTEE MEETING
Januar 24, 1985                                                      Page 9

E. (Continued)

RESOLVED, that effective January 1, 1985 ADJUSTCO , Inc. is appointed Claims Administrator for the McKesson Corporation Employee's Long Term Disability Plan.

F. Proposal to Extend Coverage Under the McKesson Employee Benefit Plans to Employees of Johnson Drug Company.

By passage of the following resolutions, the Committee approved the Drug Group's request to cover employees of the recently acquired Johnson Drug Company under the McKesson Employee Benefit Plans as follows:

RESOLVED, that employees of Johnson Drug ("Johnson") who became employees of McKesson Corporation ("McKesson") as a result of the acquisition of Johnson by McKesson on December 11, 1984, shall participate in the McKesson Short Term Disability Plan under its terms and conditions, and shall be eligible to participate in the Long-Term Disability Plan and in the Medical, Dental, and Life Insurance Plan, as of January 1, 1985. The pre-existing condition provision of the Medical Plan shall be applied using the participant's most recent commencement date of coverage under such prior plan provided by Johnson. Employees or dependents not covered under such prior plan shall have the pre-existing condition provision of the Medical Plan applied in the same manner as it is for new employees. The pre-existing condition provision of the Dental Plan, and the deductible provisions of the Medical and Dental Plan, shall be applied in the same manner as it is for new employees.

RESOLVED, FURTHER, that employees of Johnson who became employees of McKesson as a result of the acquisitions shall be eligible to enroll in the McKesson Profit-Sharing Investment Plan as of January 1, 1985, in accordance with the terms and conditions of the Plan. All periods of employment with Johnson shall be deemed service for purposes of the eligibility and vesting provisions of said Plan.

V. Approval of Pension payment made from January through December 1984

The Committee approved the pension payments as outlined in the statements provided detailing such payments for the 12 months period January 1, 1984 until December 31, 1984

Christopher R. Maher
Acting Secretary

**PLAN-0187**

I-9

MINUTES OF THE McKESSON, INC.
EMPLOYEE BENEFITS COMMITTEE MEETING                                    Page 8
January 24, 1985

B.   (Continued)

     as defined in the McKesson Corporation Retirement Plan, or (b)
     has at least 10 (ten) whole years of continuous employment with
     McKesson Corporation.

     RESOLVED, FURTHER, that the above definition of a "Retiree"
     shall be used for purposes of determining eligibility for
     post-retirement coverage under the McKesson Corporation Life
     Insurance Plan.

C.   Dental Benefit Appeal of Mr. R. E. Locke.

     The Committee adopted the following resolution, denying
     Mr. Locke's request.

     RESOLVED, that after thorough review by the Employee Benefits
     Committee, Mr. Locke's appeal for reimbursement of his expenses
     for an appliance and restorative therapy is denied as these
     types of expenses are excluded from plan coverage.

D.   Dental/Medical appeal by W. Smeal, Jr.

     The Committee denied additional benefits to Mr. Smeal under the
     dental and medical provisions of the plans.  The Committee
     adopted the following resolution regarding Mr. Smeal's case.

     RESOLVED, that after thorough review by the Employee Benefits
     Committee, Mr. Smeal's appeal for reimbursement of dental
     expenses over and above those already considered and paid is
     denied, as Mr. Smeal's mouth could have been satisfactorily
     restored by using a less costly procedure, and as certain
     procedures used, including precision or semi-precision
     attachments, bite registrations (panographic tracings) and
     occlusal adjustment (other than in conjunction with periodontal
     surgery) are specifically excluded under the plan.

E.   Proposal to change LTD Claims Administrator

     As a result of continuing difficulties with Prudential's
     administration of the LTD Plan, the staff has selected a new
     LTD Plan Administrator.  This new administrator is ADJUSTCO,
     Inc. in Santa Clara.  The costs for administration of the plan
     with ADJUSTCO are essentially the same as they were under
     Prudential but will be much more effectively managed in the
     opinion of staff.  The trustee, First Interstate Bank, requires
     official designation of ADJUSTCO as the administrator of the
     plan for their records as the trustee.

                                                            **PLAN-0188**

MINUTES OF THE McKESSON, INC.                                        Page 9
EMPLOYEE BENEFITS COMMITTEE MEETING
Januar 24, 1985

    E. (Continued)

        RESOLVED, that effective January 1, 1985 ADJUSTCO , Inc. is
        appointed Claims Administrator for the McKesson Corporation
        Employee's Long Term Disability Plan.

    F.  Proposal to Extend Coverage Under the McKesson Employee Benefit
        Plans to Employees of Johnson Drug Company.

        By passage of the following resolutions, the Committee approved
        the Drug Group's request to cover employees of the recently
        acquired Johnson Drug Company under the McKesson Employee
        Benefit Plans as follows:

        RESOLVED, that employees of Johnson Drug ("Johnson") who became
        employees of McKesson Corporation ("McKesson") as a result of
        the acquisition of Johnson by McKesson on December 11, 1984,
        shall participate in the McKesson Short Term Disability Plan
        under its terms and conditions, and shall be eligible to parti-
        cipate in the Long-Term Disability Plan and in the Medical,
        Dental, and Life Insurance Plan, as of January 1, 1985.  The
        pre-existing condition provision of the Medical Plan shall be
        applied using the participant's most recent commencement date
        of coverage under such prior plan provided by Johnson.  Employ-
        ees or dependents not covered under such prior plan shall have
        the pre-existing condition provision of the Medical Plan
        applied in the same manner as it is for new employees.  The
        pre-existing condition provision of the Dental Plan, and the
        deductible provisions of the Medical and Dental Plan, shall be
        applied in the same manner as it is for new employees.

        RESOLVED, FURTHER, that employees of Johnson who became employ-
        ees of McKesson as a result of the acquisitions shall be eligi-
        ble to enroll in the McKesson Profit-Sharing Investment Plan as
        of January 1, 1985, in accordance with the terms and conditions
        of the Plan.  All periods of employment with Johnson shall be
        deemed service for purposes of the eligibility and vesting pro-
        visions of said Plan.

  V.  Approval of Pension payment made from January through December
      1984

        The Committee approved the pension payments as outlined in the
        statements provided detailing such payments for the 12 months
        period January 1, 1984 until December 31, 1984

                                  Christopher R. Maher
                                  Acting Secretary     **PLAN-0189**