PAMELA E. COGAN (SBN 105089)
KATHRYN C. CURRY (SBN 157099)
JENNIFER A. WILLIAMS (SBN 244707)
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street
Redwood City, CA 94063
Telephone: (650) 364-8200
Facsimile: (650) 780-1701
Email: pcogan@ropers.com
kcurry@ropers.com
jwilliams@ropers.com

Attorneys for
Defendant McKESSON CORPORATION
EMPLOYEES' LONG TERM DISABILITY
BENEFIT PLAN and Real Party in Interest
LIBERTY LIFE ASSURANCE COMPANY
OF BOSTON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CREMIN,<br><br>         Plaintiff,<br><br>v.<br><br>McKESSON CORPORATION EMPLOYEES' LONG TERM DISABILITY BENEFIT PLAN;<br><br>         Defendant.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON<br><br>Real Party In Interest. | **CASE NO. C 07-1302-CW**<br><br>**DEFENDANT AND REAL PARTY IN INTEREST'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR BENEFITS AND ATTORNEYS' FEES**<br><br>Date:   June 19, 2008<br>Time:   2:00 p.m.<br>Dept.:  Courtroom 2, 4th Floor<br><br>**Judge:  Honorable Claudia Wilken** |

Defendant MCKESSON CORPORATION EMPLOYEES' LONG TERM DISABILITY PLAN ("Plan") and Real Party in Interest LIBERTY LIFE ASSURANCE COMPANY OF BOSTON ('Liberty") hereby object to plaintiff's request for past due benefits in the amount of $220,800 as well as plaintiff's request for attorneys fees. As set forth in defendant's response to

Plaintiff's Motion for Judgment and Cross-Motion, the Plan's determination to discontinue benefits was reasonable and proper. Therefore, no benefits are owed to plaintiff. Even if benefits are awarded by the court, plaintiff is not entitled to an award of $220,800. Under the Plan benefits are reduced by Social Security, social security as well as income from other employment. (Ex. B to McGee Decl., p. PLAN-0038.) Plaintiff has presented no evidence regarding a lack of other income or earnings. Moreover, plaintiff failed to present any evidence that he was or remains under the regular and continuous care of a physician, a requirement under the Plan to receive benefits. (PLAN-0040.)

Defendant also objects to plaintiff's request for attorneys' fees, which is premature because the court has not rendered a judgment. The proper vehicle for obtaining an award of attorneys' fees is to file a motion after judgment is entered pursuant to 29 U.S.C. § 1132(g). Moreover, until the court issues its decision, defendant is not in a position to contest an application for benefits or attorneys' fees in a meaningful fashion as the Court's findings may affect plaintiff's ability, if any, to recover such benefits and fees.

Dated: May 12, 2008        ROPERS, MAJESKI, KOHN & BENTLEY

By: /s/ Kathryn C. Curry
    PAMELA E. COGAN
    KATHRYN C. CURRY
    JENNIFER A. WILLIAMS
    Attorneys for Defendant
    McKESSON CORPORATION
    EMPLOYEES' LONG TERM
    DISABILITY BENEFIT PLAN and Real
    Party in Interest LIBERTY LIFE
    ASSURANCE COMPANY OF BOSTON