Laurence F. Padway, #89314
Law Offices of Laurence F. Padway
1516 Oak Street, Suite 109
Alameda, California 94501
Telephone: (510)814-6100
Facsimile : (510)814-0650

David J. Linden (SBN: 041221)
P.O. Box 5780
Napa, California 94581
Telephone: (707) 252-7007
Facsimile: (707) 252-7883

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL CREMIN,<br><br>　　　　Plaintiff,<br>　vs.<br><br>MCKESSON CORPORATION EMPLOYEES' LONG TERM DISABILITY PLAN,<br><br>　　　　Defendant.<br>_____/<br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,<br><br>　　　　Real Party in Interest.<br>_____/ | No. C07-01302 CW |

**PLAINTIFF'S SUPPLEMENTAL BRIEF RE**
*METROPOLITAN LIFE v. GLENN*

On June 19, 2008, a few hours before oral argument on the Rule 52 motions in this case, the United States Supreme Court issued its opinion in *Metropolitan Life Insurance Co. v. Glenn,* ___ U. S. ___, 2008 WL 2444796 (2008). *Metropolitan Life* changes neither the standard of review nor the analysis in this case. First and foremost, the threshold issue remains -- namely, that no document in the record delegates discretion from the Plan to Liberty Mutual for this claim. [Plaintiff's Rule 52 Motion Brief, 12:20-28]. If, however, there had been an adequate delegation of discretion, Liberty Mutual would be a structurally conflicted fiduciary, because it would be responsible both for paying the claims and for deciding which ones merited payment. *Metropolitan Life* addresses the effect of this structural conflict at page 3 of the slip opinion, where the Supreme Court held:

> The Employee Retirement Income Security Act of 1974 (ERISA) permits a person denied benefits under an employee benefit plan to challenge that denial in federal court. 88 Stat. 829, as amended, 29 U.S.C. § 1001 *et seq.*; see § 1132(a)(1)(B). Often the entity that administers the plan, such as an employer or an insurance company, both determines whether an employee is eligible for benefits and pays benefits out of its own pocket. We here decide that this dual role creates a conflict of interest; that a reviewing court should consider that conflict as a factor in determining whether the plan administrator has abused its discretion in denying benefits; and that the significance of the factor will depend upon the circumstances of the particular case. See *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101,115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989).

This follows existing Ninth Circuit law. *Abatie v. Alta Health & Life Insurance Co.,* 458 Fed. 3d 955, 966-967 (9th Cir. 2006).

In Section IV of the slip opinion, the Court turned to the question of "how" this conflict should be taken into account in a case on judicial review of a discretionary benefit determination. Slip opinion at 7. The Court found that the existence of this conflict of interest will often be one of "several different, often case specific, factors" for courts to consider in reaching a decision, *Id.,* at 8, rejecting any formulaic approach or "detailed set of instructions."

While it does not refer by name to the Ninth Circuit cases, *Metropolitan Life* sets out precisely the same rule as the Ninth Circuit set out in *Saffon v. Wells Fargo and Co. Long Term Disability Plan,* 522 Fed. 3d 863, 868-869 (9th Cir. 2008), which follows *Abatie*:

> In *Abatie,* we explained that a reviewing court must always consider the "inherent conflict that exists when a plan administrator both administers the plan and funds it." *Id.* at 967. We "weigh" such a conflict more or less "heavily" depending on what other evidence is available. *Id.* at 968. We "view[ ]" the conflict with a "low" "level of skepticism" if there's no evidence "of malice, of self-dealing, or of a parsimonious claims-granting history." *Id.* But we may "weigh" the conflict "more heavily" if there's evidence that the administrator has given "inconsistent reasons for denial," has failed "adequately to investigate a claim or ask the plaintiff for necessary evidence," or has "repeatedly denied benefits to deserving participants by interpreting plan terms incorrectly." *Id.*
>
> . . .
>
> *Abatie* went on to offer additional guidance:
>
> [C]ourts are familiar with the process of weighing a conflict of interest. For example, in a bench trial the court must decide how much weight to give to a witness' testimony in the face of some evidence of bias. What the district court is doing in an ERISA benefits denial case is making something akin to a credibility determination about the insurance company's or plan administrator's reason for denying coverage under a particular plan and a particular set of medical and other records. We believe that district courts are well equipped to consider the particulars of a conflict of interest, along with all the other facts and circumstances, to determine whether an abuse of discretion has occurred.
>
> *Id.* at 969.

Many of the same circumstances specifically noted by the Supreme Court in *Metropolitan Life* are also present here. MetLife ignored a favorable Social Security decision that supported disability. Slip opinion at 8. Liberty did the same here. MetLife "emphasized a certain medical report that favored a denial of benefits," *id.*, just as Liberty relied on Dr. Mirkin's opinions that we demonstrated was incomplete and inadequate. Metlife "deemphasized certain other reports that suggested a contrary conclusion." *Id.* Here, Liberty did far worse by not even accepting Dr.

Morse's report, and in its original decision by refusing Dr. Gershengorn's report.

*Abatie* points out that the conflict of interest and procedural irregularities can become so egregious that the Court should reject deferential review altogether and review *de novo*. The most egregious error, quantitatively speaking, of the many made by Liberty Mutual in its handling of Mr. Cremin's benefit claim, was its refusal to permit him to appeal its decision denying benefits after the case was remanded, and this forecloses so many things that by itself, we suggest it justifies *de novo* review under the *Abatie-Saffon-Metropolitan-Life* line of cases.

The Court should review the denial of benefits *de novo,* find Mr. Cremin disabled up until the present date, and direct the parties to confer, and if necessary, further brief the case on the amount of benefits owed, prejudgment interest and the amount of attorneys' fees. If, as suggested in oral argument, the Court finds that the failure to provide an appeal following the new decision after remand requires a further remand, Mr. Cremin requests the Court either to award interim attorneys' fees or to permit briefing on that issue.

Date: June 20, 2008                          /s/_____
                                              Laurence F. Padway
                                              Attorney for Plaintiff, Michael Cremin